MARY BONVILLE, administratrix, *vs.* JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY.

Bristol.   October 26, 1908. — November 24, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, & SHELDON, JJ.

*Insurance*, Life.

The requirement of R. L. c. 118, § 73, that every policy of life insurance which
contains a reference to the application of the insured must have attached to it
a correct copy of the application, is complied with by attaching to the policy a
copy of the application for insurance without including a copy of a proposal for
insurance printed and written on the back of the same paper or a " Memoran-
dum for the solicitor to fill " printed above the application for insurance on the
same side of the paper consisting of the questions " Amount of insurance now
in force in this company ? " and " Amount now applied for ? "

CONTRACT on a policy of life insurance for $250 issued by
the defendant on October 11, 1905, upon the life of Adella
Ryan of Fall River, the plaintiff's intestate, who died on
April 17, 1906.   Writ dated July 24, 1906.

At the trial in the Superior Court before *Bell*, J., the only
defense relied upon was that the insured had made misrepre-
sentations with actual intent to deceive, or with reference to
matters which increased the risk of loss, in answering certain
questions in the application for insurance.   The defendant
offered in evidence the application for the policy, and the plain-
tiff objected to its admission on the ground that a correct copy
of the application was not attached to the policy.   The papers
are described in the opinion.

Upon inspection of the papers the judge ruled *pro forma* that
a correct copy of the application was not annexed to the policy,
and that the application offered was not admissible.   He di-
rected a verdict for the plaintiff, and the defendant excepted to
this ruling.   At the request of the parties, the judge reported
the case with the agreement, made before his ruling, that, if the
application should have been admitted, judgment was to be en-
tered for the defendant; otherwise, judgment was to be entered
for the plaintiff on the verdict.

*C. R. Cummings*, (*J. W. Cummings* with him,) for the plaintiff.
*D. F. Slade*, for the defendant.

KNOWLTON, C. J.   This case comes to us on a report, by the terms of which judgment is to be entered for the defendant if a correct copy of the application for the policy was annexed to the policy, so as to make the application admissible in evidence under the R. L. c. 118, § 73, and judgment is to be entered for the plaintiff if the application was inadmissible.

The defendant's method of doing business was to furnish its agents for use by an applicant a sheet of paper printed in blank on both sides, on the first page of which was a "Proposal for special weekly premium insurance in the John Hancock Mutual Life Insurance Company," followed by a certificate of the agent on the same page.   The first of these blanks was to be filled and signed by the person seeking insurance.   Enclosed in heavy black lines in this was a "Memorandum to be filled only at the home office."   Upon the second page, on the opposite side of the same sheet, were the words "Memorandum for the solicitor to fill," followed by two questions, one asking the "Amount of insurance now in force in this Company?" and the other the "Amount now applied for?"   Under these were the words "Application for insurance in the John Hancock Mutual Life Insurance Company," followed by questions as to health and other matters affecting the risk, to be answered over the signature of the applicant, together with a declaration and warranty as to the representations and answers.   Accompanying this, on the same page, was a certificate to be signed by an examining physician, as to having asked the foregoing questions, and as to the answers having been given as recorded, together with a blank for a separate medical examination by question and answer, to be signed by the examining physician.   A copy of all the second page below the two questions in the memorandum for the solicitor to fill, beginning with the words "Application for Insurance," was annexed to the policy on which the action was brought; but the first page of the sheet and these two questions on the second page were not copied.

The plaintiff contends that the first page is a part of the application, and should have been copied and annexed to the policy in order to entitle the defendant to put the application in evidence.   This contention is answered by the decision in *Langdeau* v. *John Hancock Ins. Co.* 194 Mass. 56, a suit against this

same defendant, in which the proposal for insurance and the application were in substance the same in form as in the papers now before us.   The slight differences in language in two or three parts of the papers are entirely immaterial upon the question to be decided.   It is plain that the defendant company saw fit, for convenience, to have a proposal made for a contract of insurance, stating matters, most of which would be embodied in the policy if the proposal should be accepted, and then to have a separate application, giving information upon matters affecting. the risk, upon which the company might rely as a part of the contract between the parties.   In the case just cited it was decided that this proposal for insurance was not the application nor a part of the application within the meaning of the statute, and the same decision must be made in the present case.

We are of opinion that the memorandum for the solicitor to fill, containing two questions at the top of the second page, was no part of the application.   The heading of the application is just below this memorandum.

In the application one answer, in reference to the applicant's weight is, " Gained, 7 pounds."   In the copy of this, upon the back of the policy, the figure stating the number of pounds was obviously changed after it was first written, and the plaintiff contends that it is a 9, while the defendant contends that it is a 7.   We are of opinion that it should be read as a 7 and that the copy is not incorrect in this particular.   We do not understand that the presiding judge made any finding of fact on this subject, but that he only ruled *pro forma*, as matter of law, that a correct copy of the application was not annexed to the policy. This may have been on the ground that the first page of the sheet was a part of the application, or on the ground that the two questions and answers on the top of the second page were a part of the application, or for some other reason.

There was no material error in copying this part of the application.

*Judgment for the defendant.*