## Shatz, Appellant, v. American Railway Express Co.

*Carriers—Bills of lading—Limitation of time to bring action—Evidence—Sufficiency.*

Judgment n. o. v. cannot be entered in favor of an express company on the ground that the action was not brought within two years and a day after reasonable time for delivery of the goods had elapsed, when there is no evidence in the record that the express receipt contained such clause of limitation.

If the defendant company had filed with the Interstate Commerce Commission a schedule and form of receipt containing the stipulation as to the time when suits must be brought, it was its duty to produce evidence to that effect at the trial. Not having done so, its existence cannot be supplied by inference and a verdict for the plaintiff will be sustained.

Argued October 4, 1922. Appeal, No. 46, Oct. T., 1922, by plaintiff, from judgment of Municipal Court of Philadelphia County, Oct. T., 1920, No. 675, in favor of defendant non obstante veredicto, in the case of R. Shatz v The American Railway Express Company. Before

336　SHATZ, Appel., *v.* AMERICAN RWY. EXPRESS CO.

Statement of Facts—Opinion of the Court. [80 Pa. Superior Ct.

PORTER, HENDERSON, TREXLER, KELLER and GAWTHROP, JJ. Reversed.

Assumpsit on contract of shipment. Before BONNI-WELL, J., without a jury.

The facts are stated in the opinion of the Supreme Court.

The trial judge found in favor of the plaintiff in the sum of $121.65, but subsequently the court in banc, on motion, entered judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*James Yearsley,* and with him *Bernard A. Illoway* and *Harry Felix,* for appellant.

*Alexander R. Staples,* and with him *T. DeWitt Cuyler,* for appellee.

OPINION BY KELLER, J., March 2, 1923:

This was an action by a shipper of goods against an express company for the value of an interstate shipment which the carrier failed to deliver to the consignee.

It was tried by a judge of the municipal court without a jury, who found for the plaintiff in the sum of $121.65.

The court in banc subsequently entered judgment for the defendant notwithstanding the verdict, or finding of the judge, on the ground that the action had not been brought within two years and one day after a reasonable time for delivery had elapsed.

Unfortunately for the defendant no evidence was produced which would support this action of the court in banc.

The shipment was made on July 3, 1918. The original express receipt could not be produced or offered in evidence because the plaintiff had forwarded it to the defendant company at its request, in connection with his claim for reimbursement, and the company had lost or mislaid it. The defendant offered in evidence a certificate from the Interstate Commerce Commission showing the uniform express receipt, schedules, and express classifications filed by the defendant company and in

force between August 22, 1918, and September 11, 1919, which contained the limitation of two years and one day invoked by the defendant and enforced by the court in banc; but the shipment in suit was made July 3, 1918, a month and nineteen days before the date the above schedules and receipt went into effect, and there was no evidence in the case that the express receipt in force at the time of plaintiff's shipment contained any such limitation. We cannot go outside the record and infer proof which the defendant did not produce. The Interstate Commerce Act (Act of Congress, Feb. 4, 1887, c. 104, s. 20, 24 Stat. 386, amended June 29, 1906, c. 3591, s. 7, 34 Stat. 595, March 4, 1915, c. 176, s. 1, 38 Stat. 1196, and Aug. 4, 1916, c. 301, 39 Stat. 441, Barnes Fed. Code, section 7976, U. S. Comp. Stat. section 8604a,) does not fix any limitation upon the institution of suits, except that the transportation company may not prescribe a shorter period than two years. If the defendant company, between the date of its incorporation, July 1, 1918, and the receipt of this shipment, July 3, 1918, filed with the commission a schedule and form of express receipt providing that suit must be instituted within two years and a day after a reasonable time for delivery had elapsed, it was its duty to produce evidence to that effect at the trial, and not having done so its existence cannot be supplied by inference. The court in banc was confined in its action to the evidence produced at the trial and unless that warranted a direction for the defendant judgment n. o. v. could not be entered. There being no evidence in the case to warrant a finding that the express receipt given the plaintiff, or in force July 3, 1918, contained the limitation of two years and one day, relied upon by the defendant, judgment could not be entered in its favor contrary to the finding of the trial judge.

The assignment of error is sustained. The judgment is reversed and the record is remitted to the court below with directions to enter judgment in favor of the plaintiff in accordance with the finding of the trial judge.