## Philadelphia Inquirer Company *v.* Sabia, Appellant.

*Trials—Findings of trial judge—Weight of—Evidence—Books of original entry—Judgment non obstante veredicto.*

In an action of assumpsit to recover for advertisements alleged to have been inserted in plaintiff's newspaper by defendant, the only evidence to support plaintiff's action were its books of original entry. Defendant admitted several of the items, but disavowed all knowledge of the other items. The trial court, sitting without a jury, found in favor of the plaintiff only in the amount admitted to be due.

Under such circumstances it was error for the lower court in banc, on review, to enter judgment non obstante veredicto for the plaintiff in the full amount of the claim.

The finding of a trial judge has the same weight as the verdict of a jury and, on review, judgment non obstante veredicto cannot be entered unless the evidence produced at the trial warranted a directed verdict.

Books of original entry are prima facie evidence, but not conclusive.

Argued October 28, 1926. Appeal No. 257, October T., 1926, by defendant from judgment of M. C., Philadelphia County, January T., 1926, No. 698, in the case of The Philadelphia Inquirer Company, a corporation,

v. Anthony J. Sabia, Trading as Park Realty Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Reversed.

Assumpsit on book account. Before CASSIDY and WALSH, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found for the plaintiff in the sum of $10.42. Subsequently the court, sitting in banc, entered judgment for plaintiff non obstante veredicto in the sum of $124. · Defendant appealed.

*Error assigned* was the entry of judgment in favor of the plaintiff non obstante veredicto.

*Earle Hepburn,* for appellant.—The verdict of a judge, sitting as a jury, is fully as binding and entitled to the same respect as that of a jury: Bradlee & Co. v. Whitney & Kemmerer, 108 Pa. 362; Duke v. North Penn Gas Co., 220 Pa. 348; New York & Pa. R. R. v. New York Central R. R., 267 Pa. 64; McDonald Construction Co. v. Gill, 285 Pa. 305; Hall & Co., Inc., v. Lyon, Singer & Co., 286 Pa. 119; Shatz v. American Ry. Express Co., 80 Pa. Superior Ct. 335.

*Franklin H. Bates,* for appellee, cited: Merritt, Appellant, v. Lehigh Valley R. R. Co., 49 Pa. Superior Ct. 219; Dietrich v. Insurance Co., 32 Pa. Superior Ct. 234; McGinnis v. Fire Insurance Co., 38 Pa. Superior Ct. 390; B. F. Lee Co. v. Sherman, 43 Pa. Superior Ct. 557.

OPINION BY TREXLER, J., March 3, 1927:

Anthony J. Sabia traded as the Park Realty Company. Over that name there appeared in the Philadelphia Inquirer a number of advertisements which had been received by the "Inquirer" company through

the regular course of business.  In what particular manner they reached the plaintiff's establishment was not proved.  The court admitted the books as prima facie evidence of the advertisements having been received from the defendant through some regular channel and that the items therein exhibited were correct.  The ledger account gave defendant's address as 7350 Oxford Street and he had a branch office at that location.  He testified that he had no agents at that place, that two persons had desk room there but were not in any way employed by him or engaged by him to act for him.  He admitted that some of the items contained in the bill of the plaintiff, amounting to $9.45, were correct, but he said he knew nothing about the other advertisements, did not know they had appeared and absolutely disavowed any connection with the insertion of them in the newspaper or any ratification thereafter.

The trial judge evidently believed the defendant's story and found in favor of the plaintiff only for the amount admitted to be due, $9.45.  When the matter came before three judges of the Municipal Court to whom the review of the trial was committed, they entered judgment n. o. v. for the plaintiff for the full amount of his claim.  They were moved to do this apparently by the fact that the plaintiff presented a prima facie case and that the defendant had not overcome this.  We cannot agree with that conclusion.  The books of original entry were indeed prima facie but not conclusive.  The oath of the defendant, if believed, overcame any proof of that kind and whatever force may be given to the books of original entry, the plaintiff knew best what he had done.  It had never been held that the offering of the books carries with it such force that the testimony of the defendant cannot overcome it.  The finding of the trial judge, if founded upon competent testimony, has the same weight as a verdict

of the jury. The only basis upon which the judges reviewing the case could enter judgment for the plaintiff for the whole amount of the claim was that were the judge trying the case before a jury, he should have given binding instructions for the plaintiff. As we have said before, the defendant denied ordering the advertisements, there was a conflict of testimony and the judge had to decide which side had the better case. As was said by our Brother KELLER in Shatz v. American Railway Express Company, 80 Pa. Superior Ct. 335, in a case appealed from the Municipal Court, "The Court in banc was confined in its action to the evidence produced at the trial and unless that warranted a direction for the defendant judgment n. o. v. could not be entered." See McDonald Construction Co. v. Gill, 285 Pa. 305; Duke v. North Penn Gas Co., 220 Pa. 348; Costello v. Long, 62 Pa. Superior Ct. 13, 16.

As the plaintiff was led to believe by the conclusion of the trial judge as to the effect to be given to his books of account that he was not required to produce any further testimony although he alleges he was ready to submit additional proof, we grant a new trial.

The judgment of the Municipal Court is reversed with a venire.