## Lit Bros., Appellant, *v.* Winston.

Argued October 5, 1931.

Before TREX-
LER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and
BALDRIGE, JJ.

*John K. Loughlin* of *Loughlin & Woolford,* for appellant.

*George Hart,* for appellee.

Opinion by Trexler, P. J., November 20, 1931:

This is an action of assumpsit to recover the purchase price of goods alleged to have been sold and delivered by the plaintiff, a department store in the City of Philadelphia, to the decedent, whose administratrix is defendant in the present action. The effort of the plaintiff was to prove his claim by a number of sales slips.

These slips, if properly filled out, would have disclosed the date, the amount of the sale, how sold, whether cash or charge, the person to whom the charge should be made, who purchased the goods, where the goods were to be sent and the nature of the goods sold. The court did not exclude these slips. The widow of the decedent was called and her attention was directed to the sales slips where it was stated that identification had been made by a bank book and she averred that the bank book could not have been produced as it had been at her home. She also denied the signature of L. Winston on the slip, her name being Lucy, and we judge from the remark of the trial judge that it was evident that it was not genuine. She testified that she made no purchases. There was some evidence, which was admitted without objection, that goods had been purchased and the name of the decedent had been forged. She stated she "hadn't received anything at 119."

The sales slips offered left much to be desired and in some cases the entries were made so that some items were illegible. In some, where goods was sold over the counter, the person purchasing them was not indicated. While we may assume that if properly filled out, they are prima facie evidence of sale and delivery, (Philadelphia Inquirer Co. v. Sabia, 90 Pa. Superior Ct. 266) they were not necessarily conclusive and the testimony of the decedent's widow which was

credited by the trial judge, threw such doubt on their accuracy that the judge was warranted in finding in favor of the defendant.

The judgment is affirmed.