## Davidson et al. v. John Hancock Mutual Life Insurance Co.

*Maurice A. Granatoor*, for plaintiffs.
*Brown & Williams*, for defendant.

WINNET, J., August 19, 1942.—Defendant resisted payment on the policy because it contended that at its delivery and payment of the premium some time after March 17, 1940, the insured was in the hospital and,

therefore, not in sound health as required by the policy. It had been issued on a supplemental application which incorporated by reference a policy dated January 20, 1940, on the life of the same insured and which was not in issue in the case. The supplemental application contained a representation that the insured was in sound health and had not consulted or was not treated by a physician since the date of the original application. It further provided that, if the payment of the premium did not accompany the application, the policy would take effect only if the policy was delivered and first premium paid while the insured was alive and in sound health.

There was no dispute as to these facts: The supplemental application is dated March 12, 1940. The policy itself bears date of March 15, 1940. On the same day, March 15th, the insured consulted Dr. Myer Marks, complaining of "pain in the chest, the left side, worse on taking deep breath, slight cough, a little feverish, dizziness." As a result the insured was ordered to the hospital, which he entered on March 17, 1940. Later his illness was diagnosed as carcinoma, from which disease he died on September 15, 1940.

The principal issue was the date of the delivery of the policy and payment of the premium. Philip Davidson, one of the plaintiffs and the insured's son, testified that he witnessed his father, the insured, pay the premium on March 16, 1940, to Mr. Sampson, the insurance agent, when the policy was delivered. (Neither plaintiffs nor defendant called Mr. Sampson to testify, although he was present in court during the trial.) Defendant offered a paper, attached to the application for home office use only, which contained dates indicating that the policy was approved March 19, 1940. It called an employe who was familiar with home office procedure to identify the paper and to explain the notation, thus laying the base for its contention that the policy couldn't have been delivered before it was ap-

proved, and at that time the insured was in the hospital and not in sound health. Objection to the use of the paper and the testimony of the witness was sustained.

This ruling of the trial judge was prejudicial error and requires a new trial. It left defendant with no testimony as to date of delivery of policy and payment of premium. The jury thereafter very properly made a special finding in accordance with the only evidence before it, the testimony of plaintiff, Philip Davidson, that the policy was delivered and premium paid on March 16th, the day before the insured was admitted to the hospital, when he was merely indisposed and did not know the seriousness of his complaint.

Counsel for defendant must share the blame for this ruling. He did not properly establish the business routine of the home office nor the regularity of the entry and the record for the proper admission of this evidence: Uniform Business Records as Evidence Act of May 4, 1939, P. L. 42, 28 PS §91a; Wigmore on Evidence, sec. 1523; Caffery et ux. v. Philadelphia & Reading Ry. Co., 261 Pa. 251, 254; Paxos v. Jarka Corp., 314 Pa. 148. The evidence which was thus excluded was vital not only to defendant's case but to do justice between the parties. A trial judge should afford a party every opportunity properly to identify a document and may even grant a new trial when the interest of justice requires it to afford a party a further opportunity to establish the genuineness of a document or record so as to make it admissible in evidence for the facts therein contained: Brandeis, Admr., v. Charter Mutual Benefit Assn., 149 Pa. Superior Ct. 545. There can no longer be any doubt that the record of an act made in the regular course of business, at or near the time of the act, condition, or event, is admissible in evidence: Uniform Business Records as Evidence Act, supra; Freedman v. The Mutual Life Insurance Company of New York, 342 Pa. 404, 414.

Counsel for plaintiff objected to the use of the record as an attempt to use a part of the application which was

not attached to the policy. This is prohibited by section 318 of The insurance Company Law of May 17, 1921, P. L. 682, which requires that policies shall have attached the application and unless so attached cannot be received in evidence. See Morris v. State Mutual Life Assurance Co. of Worcester, 183 Pa. 563, Fidelity Title & Trust Co. v. Illinois Life Insurance Co., 213 Pa. 415, and South Side Trust Co. v. Eureka Life Ins. Co., 74 Pa. Superior Ct. 566. The words of the offer of counsel for defendant gave real strength to the objection: "I offer Parts A and B of the application in evidence . . ." Part B was the office record not attached to the policy. As a part of the application it could not, of course, be received in evidence and was not binding on the insured. But as a regular record of defendant containing an entry relevant to the issue it could be received. It was not binding on the insured—but it was nevertheless evidence for the jury to consider on the issue before it.

The exact point seems not to have arisen before in Pennsylvania. Massachusetts, however, which has a similar statutory prohibition against the use of an application not attached to the policy, has held that office memoranda, such as "proposal for insurance" or a "solicitor's memo.", even though imprinted on the application, are, nevertheless, not parts thereof and may be received when relevant to the issue: Paquette v. Prudential Ins. Co., etc., 193 Mass. 215, 79 N. E. 250; Bonville, Admx., v. John Hancock Mutual Life Ins. Co., 200 Mass. 197, 85 N. E. 1057. If an insurance company's only proof of a fact is contained in a notation made by it on the application itself in the regular course of its business, there is no reason why it should not be able to offer in evidence the notation. It cannot be received as a part of the application, but only as a relevant entry which happens to be on the application.

The motion for a new trial is granted.

The motion for judgment n. o. v. is dismissed.