## Davidson et al., Appellants, v. John Hancock Mutual Life Insurance Company.

Argued March 9, 1943. Before KELLER, P. J., BALD-

64

RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Maurice A. Granatoor*, for appellants.

*Charles M. Willits*, with him *Ira Jewell Williams*, for appellee.

OPINION BY KENWORTHEY, J., April 13, 1943:

In this action on a life insurance policy, the principal issue of fact is: On what date was the policy delivered and the first premium paid? If, as plaintiff contends, it was on March 16, 1940, he is entitled to recover; if, as defendant contends, on March 20, 1940, he is not, because, by its terms, the policy did not become effective until delivery and payment of the first premium while the insured was alive and in sound health. And on March 17, 1940, which fell between the contested dates, the insured was admitted to a hospital and found to be suffering from carcinoma from which he later died.

The trial judge excluded what was virtually the only evidence offered by defendant in support of its position that the policy was not approved by the home office until March 19, 1940, and, therefore, not delivered until the next day. The verdict was for plaintiff. But the court concluded the exclusion of defendant's offer was erroneous and, in an opinion by the trial judge himself, granted a new trial. The plaintiff, in this appeal, contends that the exclusion was the only ruling possible

under the law, and that the court, therefore, abused its discretion in not entering judgment on the verdict.

The evidence which was excluded and the admissibility of which is the pivotal question consisted of a page attached to the original application and headed 'For Home Office Use Only,' on which appear a number of entries pertaining to the policy. It bears the policy number, it indicates the policy form by number, that the application was received at the home office on March 14, 1940, that the policy was dated March 15, 1940, and under 'H. O. Decision' appears an entry: "Approved Mar. 19, 1940. S. Hamson."

The principal reason which the trial judge gave at the time for his ruling was that the document was not sufficiently self-explanatory and that defendant should have produced someone from the home office to explain it; that the witness which defendant produced, a 'home office investigator,' was not properly qualified. He later concluded, as indicated by his opinion, that it was admissible under the Uniform Business Records as Evidence Act, Act of May 4, 1939, P. L. 42, No. 35, 28 PS §91 A. et seq., as a record made in the regular course of business. Although we cannot be sure because the trial judge's ruling cut off the attempt to qualify him, it seems quite likely the witness would have been able to identify the record and testify to "the mode of its preparation, and if it was made in the regular course of business at or near the time of the act" which would suffice to meet the requirements of the statute and make its admissibility a matter for the opinion of the court. Ibid, §2. In its opinion the court said: "The evidence which was thus excluded was vital not only to defendant's case but to do justice between the parties. A trial judge should afford a party every opportunity properly to identify a document and may even grant a new trial when the interest of justice requires it to afford a party a further opportunity to establish the

genuineness of a document or record so as to make it admissible in evidence for the facts therein contained."

In our opinion the record was admissible if presented by a properly qualified witness and we find no basis for criticism of the court's exercise of discretion in granting a new trial. We commend it.

Article III, section 318 of the Act of May 17, 1921, P. L. 682, 40 PS §441, has no bearing on the present case. It provides that unless a copy of the application is attached to the policy it shall not be received in evidence. A copy of the only part of the application which was signed by the assured was attached to the original policy. And although the page of the home office record headed 'For Home Office Use Only' was attached to the original application, it was not a part of the application, nor of the contract, nor did it have any bearing on the contract. See Act of 1921, supra, and *Bonville v. John Hancock Life Ins. Co.*, 200 Mass. 197, 85 N. E. 1057. If it was admissible at all, it was admissible as a record made in the regular course of business, and it was on that theory it was offered.

The certificate of the trial judge as to the sole reasons for granting the motion for new trial standing alone and strictly construed might lend support to the argument that the only question we should consider is whether or not the ruling at the trial was technically correct under the circumstances, whether it could be sustained either on the ground that the record was incompetent or that the witness called to prove it was not qualified. But a reading of his opinion makes it very clear that if the evidence were relevant and subject to proof by a competent witness, he wanted, in the interest of justice, to give the defendant another opportunity whether or not the witness was qualified. This was clearly within his power to do.

The order is affirmed.