Davidson et al. *v.* John Hancock Mutual Life
Insurance Company, Appellant.

Argued October 8, 1946. Before BALDRIGE, P. J.,
RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Charles M. Willits,* with him *Ira Jewell Williams*
and *White & Williams,* for appellant.

*Maurice A. Granatoor,* for appellees.

OPINION BY BALDRIGE, P. J., October 30, 1946:

Plaintiffs, as beneficiaries, recovered a verdict in an action on a life insurance policy issued by the defendant on the life of Abraham Davidson. This appeal followed the court's refusal of defendant's motion for judgment n. o. v.

The policy in suit was applied for on March 12, 1940, and on its face was dated March 15, 1940. In the application, which was made part of the policy, it was provided inter alia as follows: "If payment of the said premium was not made when this application was signed, any such policy will take effect as of its date of issue, and only if I have not consulted or been treated by a physician or other practitioner since the date of the completion of this application, and only if the policy is delivered to and received by me and the first premium or instalment thereof is actually paid while I am alive and in sound health, and in any case, such delivery and payment shall constitute an acceptance of the policy and of all its conditions."

It was stipulated in the application that the statements and agreements in a former application, on which a policy was issued, including a report of a complete medical examination by defendant's doctor, dated December 5, 1939, should be incorporated therein, and that the two should be treated as a whole and form the basis for the additional insurance. On March 12, 1940, defendant's physician reported, after an examination of Davidson, that he found him in sound health. On the evening of March 15, 1940, three days after the date of the latter application and examination, the insured visited his physician, Dr. Marks. He testified that the insured then complained of a slight cough, "had a little fever and at the time had a pain in his chest, left side, and a post-nasal discharge." Dr. Marks sent insured to the hospital two days thereafter for observation. He was operated on April 5, 1940, after a diagnosis that he was suffering from a cancer of the lungs. Death from

that insidious malady occurred September 12 of that year.

Defendant contends its motion for a judgment should have been granted as it was established by uncontradicted documentary proof, in the form of records of defendant's home office, that at the time the policy was delivered and the first premium paid the insured was not in sound health in that he had consulted a physician and received treatment in a hospital between the date of delivery of the policy and the last medical examination, which violated the sound health clause.

The agent who delivered the policy and the son of the insured, who was present at that time, testified that the policy was handed to the insured and the premium paid on March 16, 1940. Defendant introduced in evidence its own records from the home office indicating that it was not until March 19, 1940, that the application was approved, and further that the policy was not delivered until March 20, 1940.

Thus, a sharp and clearly defined issue of fact was raised. The trial court in following our opinion in the former appeal (152 Pa. Superior Ct. 63), instructed the jury that if they found the policy of insurance was delivered as plaintiffs contend, on March 16, 1940, they are entitled to recover. If, on the other hand, the policy was not delivered until March 20, 1940, as alleged by defendant, the verdict should be for the defendant as the policy did not, by its terms, become effective until delivery and the payment of the first premium while the insured was in sound health.

Notwithstanding the record evidence hereinbefore mentioned, to which further reference will be made, the defendant was clearly not entitled to judgment n. o. v. on the ground that it had shown as a matter of law that the insured had violated the sound health clause. That was an issue of fact for the consideration of the jury.

A health clause has no application to a disease the insured may have had at the time of the medical examination, unless fraud or misrepresentation has been

proved, as presumably his physical condition was satis-factory to the company, otherwise the policy would not have been issued. The legal scope of that provision is restricted to mean only that the applicant did not con-tract any new disease impairing his health, nor suffer any material change in his physical condition between the time of such examination and the date of the policy: *Prudential Ins. Co. of America v. Kudoba et al.*, 323 Pa. 30, 186 A. 793; *Minzenberg v. Metropolitan Life Ins. Co.*, 157 Pa. Superior Ct. 557, 563, 43 A. 2d 377.

It was not shown here by any irrefutable proof that the insured, a victim of a virulent disease, undiscovered by him or anyone else, had suffered any material change in his condition after either the examination by defend-ant on December 5, 1939, or March 12, 1940, and prior to the delivery of the policy. At best, the question was one for the jury: *McCrory v. Scranton Life Ins. Co.*, 150 Pa. Superior Ct. 1, 6, 27 A. 2d 723.

The appellant apparently relies also on the fact that insured consulted a physician on March 15, 1940, as vio-lating the conditions of the policy, even though it was delivered the next day, on March 16, 1940, as plaintiffs contend. However, a visit to the physician for a slight cold or temporary illness which does not produce an infirmity or serious impairment of health, is not a vio-lation of the sound health clause under the decisions already cited. See, also, *Evans v. Penn Mutual Life Ins. Co.*, 322 Pa. 547, note p. 562, 186 A. 133. On this point, also, a jury question was presented.

At the trial of this case defendant offered in evidence its home office records, including the medical examiner's report and the application, which were mechanically stamped "March 19, 1940" and contained the name of the person who approved the application in longhand. It is defendant's contention that these records constituted un-disputed documentary evidence that the policy could not have been delivered before March 19 or 20, 1940. The weakness of the contention is that dates stamped on the

application were not uncontradicted documentary proof of the date the policy was issued or delivered. Appellant's attempted analogy to uncontradicted hospital records as showing treatment in a hospital on a certain date, (*Evans v. Penn Mutual Life Ins. Co.,* supra, p. 560) is not valid. The records in the present case were undoubtedly kept in the regular course of defendant's business, and were admissible: *Davidson et al. v. John Hancock Mutual Life Ins. Co.,* 152 Pa. Superior Ct. 63, 31 A. 2d 585. But they do not establish decisively that the policy could not have been delivered before company approval, however unlikely that may have been. Furthermore, they were only prima facie evidence of the fact of approval by the home office on the stamped date and were no more conclusive than books of account or ledger entries. Their correctness was subject to denial: *Phila. Inquirer Co. v. Sabia,* 90 Pa. Superior Ct. 266, 268. The trial court very properly submitted to the jury the factual issues involved: *Evans v. Penn Mutual Life Ins. Co.,* supra.

Judgment is affirmed.