Rose Girouard *vs.* John Hancock Mutual Life Insurance Company.

APRIL 8, 1964.

Present: Condon, C. J., Roberts, Powers and Joslin, JJ.

2

JOSLIN, J. This is an action of assumpsit brought by the beneficiary in an insurance policy issued by the defendant on the life of Francis H. Girouard, husband of the plaintiff and now deceased. The case was tried before a superior court justice sitting with a jury and resulted in a verdict for the plaintiff. The trial justice, who prior to the verdict had reserved decision on the defendant's motion for a directed verdict pursuant to Rule No. 46 of the Rules of Practice and Orders of the Superior Court, thereupon granted that motion and the plaintiff duly excepted thereto. Thereafter the defendant moved for a new trial which was denied and the defendant duly excepted thereto. The cause is before us on the plaintiff's bill of exceptions to the granting of the motion for a directed verdict, to rulings on evidence, and to the charge. Only her exception to the granting of the defendant's motion for a directed verdict has been briefed and argued and her other exceptions are therefore deemed to be waived.

The material facts essential to our decision are not in dispute. The applicant on December 19, 1960 completed his written application for a life insurance policy and on January 17, 1961 a policy dated January 4, 1961 and the subject of this action was delivered to him. No part of the premium was paid until the delivery of the policy when the initial annual premium was paid in full. The insured died on March 24, 1961 and the causes of death as disclosed on the death certificate were increased intracranial pressure, cerebral metastases, and carcinoma left lung.

Between December 19, 1960 and the delivery of the policy on January 17, 1961 the applicant had consulted with and been treated by his family physician at least nine times and by a nose and throat specialist twice. Moreover, on January 16, 1961, at the suggestion of the family physician, the applicant had an X ray taken at the Dr. U. E. Zambarano Memorial Hospital. For purposes of this decision it is assumed that none of these treatments, consultations or

examinations was connected with the disorders which resulted in death, that applicant at no time prior to the delivery of the policy was suffering from any of the disorders which resulted in death, and that the medical care received between December 19, 1960 and January 17, 1961 was only for minor deviations from generally good health.

The sole question is whether the failure of the applicant to advise defendant of these consultations, treatments and examinations prevented the policy from becoming effective in the light of that provision in the application which provides:

> "* * * the contract of insurance shall take effect as of the Date of Issue of the policy but only upon delivery to and receipt by the Applicant of the policy and payment of the premium thereon, and only if at the time of such delivery and payment each person proposed for insurance has not consulted, been examined or been treated by a physician or practitioner since the completion of Part B of this application."

This provision was incorporated in and became a part of the insurance contract since the policy states that "The entire contract between the Company and the applicant consists of the policy and the written application, a copy of which is attached at issue."

The execution and delivery of the application did not without more create a contractual relationship between the applicant and defendant. If the applicant had intended otherwise, he could have accomplished his purpose by compliance with the stipulation providing that "If at least $15 * * * is paid with this application, the contract of insurance shall take effect as provided in and subject to the terms of Conditional Receipt * * *." The failure of the applicant to make the required payment on submission of the application deferred the effective date of the contractual relationship until delivery of the policy and then, if and only if he had undergone no intervening medical treatment. The contract specifically provided that it would not

take effect if there was intervening medical treatment and defendant is entitled to rely on that provision. The medical treatments, consultations and examinations of the applicant between the dates of application and delivery were a breach of an express condition precedent to the effectiveness of the policy and defendant therefore never became contractually obligated under the policy. *New York Life Ins. Co.* v. *Gist,* 63 F.2d 732 (9th Cir.), *cert. denied* 290 U. S. 651; *Krause* v. *Equitable Life Ins. Co.,* 333 Mass. 200; *New York Life Ins. Co.* v. *Gresham,* 170 Miss. 211; *Polachek* v. *New York Life Ins. Co.,* 151 N. Y. Misc. 172, *aff'd* 243 N. Y. App. Div. 692. In addition, the circuit courts of appeal in the second, third, sixth, eighth and tenth circuits have reached like conclusions as did the court in the ninth circuit in *New York Life Ins. Co.* v. *Gist, supra.*

The plaintiff contends, however, that the contractual requirement is intended to cover only treatments or consultations for serious and not trivial ailments.

She relies primarily on *Davidson* v. *John Hancock Mutual Life Ins. Co.,* 159 Pa. Super. 532. In that case the application provisions in issue were that the life insurance policy should take effect only if (1) there had been no medical treatment and consultation intervening between the dates of the completion of the application and the issue of the policy, and (2) the insured was in good health at the time of delivery of the policy. The court considered at length the sound health provision and held that, absent fraud or misrepresentation, it did not apply to a disease the insured may have had at the time of the preapplication medical examination. The legal scope of the sound health clause, the court said, was restricted to an impairment of health or a material change in physical condition between the date of that examination and the date of the policy. It summarily dismissed the insurance company's contention that the intervening medical treatment provision controlled, saying that "* * * a visit to the physician for a slight cold

or temporary illness which does not produce an infirmity or serious impairment of health, is not a violation of the *sound health clause* under the decisions already cited." (italics ours)

In our opinion that court failed both in its language and in its reasoning to distinguish between sound health and the intervening treatment provisions. This becomes abundantly clear upon examination of the "already cited" decisions relied upon, in all of which minor medical disorders were held not to be in violation of sound health clauses and in none of which was an intervening treatment provision in issue.

Subsequent to *Davidson* and without reference to it, a federal court interpreting Pennsylvania law held that an intervening treatment provision created "a condition precedent for the effectiveness of the policy" and that an intervening medical consultation and short period of hospitalization prevented the policy from taking effect. *Nacchio* v. *New York Life Ins. Co.,* 200 F.2d 770, *affirming* 101 F. Supp. 814. Whether that intervening treatment and hospitalization was for a trivial or major ailment does not appear, but the court's finding that the condition precedent of no intervening treatment must be fulfilled as a prerequisite to the creation of a contractual obligation makes it obvious that the seriousness of the intervening ailment or lack thereof is not germane. *Davidson,* in our opinion, is not authority for the contention advanced by plaintiff.

We have carefully examined all of the other authorities relied on by plaintiff and none of them is here applicable. Some do not construe life insurance policies. Those that do, relate either to the construction of sound health clauses or to rules appertaining where an insured in his application for insurance has concealed, or misrepresented, or failed to disclose prior treatments for or a medical history of mild disorders. The only authority cited by plaintiff where an intervening treatment clause was at issue is *Da-*

6

*vidson* v. *John Hancock Mutual Life Ins. Co., supra*, and that case we have already distinguished.

We have also examined Annot., 148 A.L.R. 461, with particular reference to *Glickman* v. *New York Life Ins. Co.*, 291 N. Y. 45, *Combs* v. *Equitable Life Ins. Co.*, 120 F.2d 432, and *New York Life Ins. Co.* v. *Watson*, 48 Ga. App. 211, the latter two being cited by the annotator as authority for the contention here made by plaintiff.

In *Glickman* the insured had a serious malady and the court specifically left "to future litigations the question of the effect, under the application form here used, of a non-disclosed visit by the applicant after he has filed his application, to a physician, for treatment of an illness which is obviously trivial or which may be so considered."

In an application for a life insurance policy a prospective insuree is customarily asked to disclose whether he has received any medical treatment during a stated period of time next prior to his application therefor. That period of time may often extend, as in the instant case, to as long as five years. The question has often arisen as to whether a failure in the application to enumerate treatments for minor ailments constitutes such a breach of the policy as to make it void or voidable and it has generally been held that such nondisclosure does not have that effect. Analogizing to and relying upon that general rule, the courts in *Combs* by dicta and in *Watson* directly held that the condition precedent of an interim treatment provision could not be invoked as a defense to an action on a life insurance policy where the intervening treatment was for a trivial disorder.

In our opinion the analogy is not apt and the reliance is inappropriate. To require a minute enumeration of each treatment, examination and consultation undergone or experienced, however trivial, within the five years next preceding the date of an application for life insurance would unduly tax and cast an intolerable burden upon the mem-

ory of the average man. It is for that reason that disclosure clauses have been held not to require an enumeration on an application of all treatments for minor disorders. 1 Appleman, Insurance Law & Practice, §251, p. 288. The same reason, however, is not applicable to an interim treatment provision where the interval between the application for and the delivery of the policy is measured in days and not in years. Moreover, the interim treatment provision specifically provides that the policy shall become effective *if and only if* there has been no intervening treatment, whereas the disclosure clause does not provide that the policy shall not be effective if there be breach thereof.

In our opinion the reasoning of the authorities relied upon by the plaintiff, or which we have examined as a result of our own research, does not warrant a departure from the well-established precedents to which we have referred and upon which we rely.

The plaintiff's exception to the granting of the defendant's motion for a directed verdict is overruled, and the case is remitted to the superior court for the entry of judgment on the verdict as directed.

*Rabinowitz & Zimmerman, Coleman B. Zimmerman,* for plaintiff.

*Hurley, Moriarty & Moakler, John W. Moakler, John F. Sherlock, Jr.,* for defendant.