Viola O. **TOMALEWSKI**, Plaintiff,

v.

**STATE FARM LIFE INSURANCE COMPANY** and Elizabeth G. **Tomalewski**, **Individually and as Administratrix of the Estate of Paul Tomalewski**, **Deceased**, **Defendants**.

Civ. A. No. 72–582.

United States District Court,
W. D. Pennsylvania.

March 1, 1973.

Raymond L. Brennan, Pittsburgh, Pa., for Viola O. Tomalewski.

Stanley A. Winikoff, Pittsburgh, Pa., for State Farm Ins.

Samuel Goldstein, Pittsburgh, Pa., for Elizabeth G. Tomalewski.

## OPINION

DUMBAULD, District Judge.

The interesting contretemps presented by this case arose because the insurance agent who filled out the application got a sheet of carbon paper reversed. One Nick A. Valicenti, the agent, was making three copies of the application. The original goes to the Company, the second to the agent, and the third is attached to and forms part of the policy.

The insured affixed his signature on the first page, before the papers were reversed to fill in some blanks on the second page regarding applicant's military service. He had skipped over the spaces for designation of beneficiary on the first page before he signed, to think

over the matter who should be designated. Having made up his mind, he instructed the agent who then filled those vacant spaces. That is when the carbon paper was reversed. Accordingly, the original application shows as primary beneficiary Viola O. Tomalewski, applicant's mother; and as successor beneficiary, Thaddeus J. Tomalewski, his father. The second or agent's copy is identical.[1] But the third or applicant's copy is blank with respect to designation of beneficiary. What should have gone on the third copy appears on the verso of the agent's copy.

On these facts several questions of law arise, since less than two months after issuance of the policy Paul Tomalewski, the insured, was married to Elizabeth Lauris, and then on December 8, 1971, he died. Both the insured's mother and his widow made claims to the proceeds of the policy, which was in the amount of $15,000. The Company filed an interpleader when sued by the mother and paid the money into court pursuant to an order of October 18, 1972. Both sides have filed motion for judgment on the pleadings, which include the deposition of the agent.

█ Since the execution and signature of the application constituted a single transaction, completed *uno ictu* at the same time and place, it would be exalting form over substance to say that in the eye of the law the application consisted only of the first page with the designation of beneficiary left blank, on the ground that the matters added after the signing by the applicant must be treated as *pro non scripto*.

We therefore hold that the legally significant text is to be found in the complete original copy in the Company's file. Accordingly, the policy proceeds must be paid to the designated beneficiary, Viola O. Tomalewski, the insured's mother.

██ The widow relies on 40 P.S. § 441 which provides that "correct" copies of the application are to be attached to the policies; and that if this is not done the application shall not be received in evidence "in any controversy between the parties to, or interested in, the policy, nor shall such application . . . be considered a part of the policy." This section is designed to compel the company to place clearly before the policy holder any matter which it may seek to use as a defense. "The Insurance Company Law expressly provides that the copy of the application, attached to a policy, must be a *correct* copy. If it is not an exact duplicate of what was submitted by the insured, the entire application must be disregarded and may not be used thereafter as the basis of a defense by the insurer." Syme v. Bankers National Life Ins. Co., 393 Pa. 600, 607, 144 A.2d 845, 849 (1958). This does not preclude use of Company files as business records, however. Davidson v. John Hancock Mutual Life Ins. Co., 152 Pa.Super. 63, 31 A.2d 585 (1943).

What confronts us here is not use of the inexact data as a defense by the insurer, but as proof substantiating the rights of the beneficiary by use of the business records of the Company and of its agent. The Company has here made no defense but admitted by interpleader its liability on the policy.

Moreover, our decision here with respect to disposition of the policy proceeds would not preclude an independent trespass action for negligence against the Company based upon its agent's negligence.

1. On the company's original copy, an X is marked opposite "Interest Option with Full Right of Withdrawal." A square block seems to obliterate an X apparently first erroneously made opposite "One Sum." This X came through on the agent's copy, and would indicate election of both conflicting options. This is of no importance, since the policy proceeds have been paid into court and no one has sought to exercise any option other than full payment.