**Viola O. TOMALEWSKI, Appellee,**

v.

**STATE FARM LIFE INSURANCE COMPANY**

and

**Elizabeth Tomalewski, Defendant on the Counterclaim.**

**Appeal of Elizabeth G. TOMALEWSKI, Individually and as Administratrix of the Estate of Paul Tomalewski, Deceased.**

**No. 73–1301.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Oct. 24, 1973.

Finally Submitted Feb. 5, 1974.

Decided April 4, 1974.

Samuel J. Goldstein, Pittsburgh, Pa., for appellant.

Raymond L. Brennan, Pittsburgh, Pa., for appellee.

Before BIGGS, GIBBONS and RO-SENN, Circuit Judges.

## OPINION OF THE COURT

BIGGS, Circuit Judge.

This is a diversity case. Viola O. Tomalewski, mother of Paul Tomalewski, sued State Farm Life Insurance Company seeking to recover the face amount of a life insurance policy issed to Paul by State Farm in the sum of $15,000. State Farm paid the money into the district court and that court ordered interpleader between Viola and Elizabeth G. Tomalewski, Paul's wife. Elizabeth claimed the proceeds of the policy individually and as administratrix of his estate.

The facts giving risc to the controversy *sub judice* are described by the district judge as follows:

"The interesting contretemps presented by this case arose because the insurance agent who filled out the application got a sheet of carbon paper reversed. One Nick A. Valicenti, the agent, was making three copies of the application. The original goes to the Company, the second to the agent, and the third is attached to and forms part of the policy.

"The insured affixed his signature on the first page, before the papers were reversed to fill in some blanks on the second page regarding applicant's military service. He had skipped over the spaces for designation of beneficiary on the first page before he signed, to think over the matter who should be designated. Having made up his mind, he instructed the agent who then filled those vacant spaces. That is when the carbon paper was reversed. Accordingly, the original application shows as primary beneficiary Viola O. Tomalewski, applicant's mother; and as successor beneficiary, Thaddeus J. Tomalewski, his father. The second or agent's copy is identical. But the third or applicant's copy is blank with respect to designation of beneficiary. What should have gone

on the third copy appears on the verso of the agent's copy." (Footnote omitted).

■ In her answer to the complaint, under the heading "New Matter", paragraph 21, Elizabeth alleged the following: "The said Elizabeth G. Tomalewski avers that her husband during his lifetime did make a gift absolute of said policy to her; hence at his death, she is entitled to the proceeds thereof." In the plaintiff's answer to the new matter alleged in paragraph 21, it is stated: "3. Paragraph 21 is denied, and if material to this proceeding, Plaintiff demands proof of the same." Thus a question of fact was presented.

■ On November 2, 1972, plaintiff Viola renewed a previous motion for judgment on the pleadings and on January 2, 1973, Elizabeth filed a motion for summary judgment. In a motion to dismiss, if matters outside the pleading are presented and not excluded by the court (here, the deposition of Valicenti, the insurance agent who wrote the policy), the court is required to treat the motion to dismiss as one for summary judgment and to dispose of it as provided in Rule 56. Carter v. Stanton, 405 U.S. 669, 671, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972) (Per Curiam). The learned district judge granted summary judgment in favor of Viola Tomalewski finding as a matter of law that she was entitled to the proceeds of the policy. See 354 F. Supp. 1359.

■■ The use and purpose of a motion for summary judgment is well stated in Mintz v. Mathers Fund, Inc., 463 F.2d 495, 498 (7 Cir. 1972), as follows: "As a procedural matter, granting summary judgment, while a drastic remedy, is a wholesome one where applicable to the circumstances. It is never warranted except on a clear showing that no genuine issue as to any material fact remains for trial. * * * If the plead-ings and proof in the form of depositions, affidavits and admissions on file disclose that no real cause of action or defense exists, the court may determine there is no issue to be tried and may grant a summary judgment. In reaching its determination the court has the power to penetrate the allegations of fact in the pleadings and look at any evidential source to determine whether there is an issue of fact to be tried. * * * The primary purpose of a motion for summary judgment is to avoid a useless trial, and summary judgment is a procedural device for promptly disposing of actions in which there is no genuine issue of any material fact even though such issue might have been raised by formal pleadings. The very purpose of Rule 56 is to eliminate a trial in such cases where a trial is unnecessary and results in delay and expense. Appellate courts should not look the other way to ignore the existence of the genuine issues of material facts, but neither should they strain to find the existence of such genuine issues where none exist. * * * " But it is the law that where motions for summary judgment are made by both parties, if the pleadings present a genuine issue as to a material fact, there can be no valid summary judgment of the disputed facts. Utica Mutual Insurance Co. v. Rollason, 246 F.2d 105 (4 Cir. 1957); M. Snower & Co. v. United States, 140 F.2d 367 (7 Cir. 1944); United States v. Haynes School District No. 8, 102 F.Supp. 843 (E.D.Ark.1951); City of Edinburg v. Central Power & Light Co., 2 F.R.D. 560 (S.D.Tex.1943). Summary judgment may not be granted where there is the slightest doubt as to the facts. Brady v. Hearst Corp., 281 F.Supp. 637, 642 (D. Mass.1968).[1]

■ The learned District Judge in his opinion failed to make any reference

---

1. Citing Morrissey v. Procter & Gamble Co., 379 F.2d 675, 677 (1 Cir. 1967): "[I]f a party has made an evidentiary showing warranting a favorable inference, contradiction cannot eliminate it. Summary judgment may not be granted where there is the 'slightest doubt as to the facts.' "

to the issue of fact presented by the claim of gift of the policy, patently appearing from the peladings,[2] though he may have been incorrectly influenced by Elizabeth's motion for summary judgment as an indication that she preferred to stand upon the record then before the court. But we cannot take the position that when an issue of fact is clearly presented by the peladings a party by a motion for summary judgment waives any right to assert a claim, here the claim set out by Elizabeth in paragraph 21 of her counterclaim of a gift of the policy. We know of no authority which would support such a proposition and none has been cited to us. The distinguished District Judge has not seen fit to advise us as to the basis of his action.

Since a plain issue of fact appears from the pleadings and has been disregarded by the learned District Judge, we must and will reverse the judgment and remand for appropriate proceedings in the district court.[3]

2. The learned District Judge may have been of the view that only issues of law were presented and the case could be decided properly on the pleadings plus the Valicenti deposition, but we think a cursory examination of the law of insurance will indicate to him that there can be circumstances under which a policy of insurance can be given as a gift or assigned to a wife by an insured husband. It would appear, therefore, that the disposition of the case by use of summary judgment may be improper under the circumstances. *See* Stepson v. Brand, 213 Miss. 826, 58 So.2d 18 (1952), and in particular the annotation in 33 A.L.R.2d 267, 273, "Gift of Life Insurance Policy." We have found no Pennsylvania case directly on point, but frequently federal courts must venture into fields of law undecided by state courts in diversity cases. The district court failed to consider the issue of fact presented by the pleadings or the legal consequences which might flow therefrom.

Elizabeth pursues the issue of question of fact in her brief in this court, setting out in her "Statement of Questions Involved," the following: "2. Can the Court enter summary judgment for either party where there are triable issues of fact, and more particularly, whether or not the decedent made a gift of the policy to his wife, Elizabeth G. Tomalewski?" In her brief she devotes ap-

proximately three pages to this issue, citing numerous cases on the subject to show that summary judgment should not be granted except where there are no disputed issues of fact, a Hornbook proposition. Viola, on the other hand, devotes only a paragraph in her brief to this matter, citing the "dead man's rule", 28 P.S. § 322. The citation is hardly apposite since we do not know what the evidence may be as to proof of gift.

Viola has not taken the position in this court or in the district court, insofar as the record shows, that Elizabeth's motion for summary judgment was in effect a waiver of any issue of fact.

3. It is obvious, of course, that if the case were decided in Elizabeth's favor it would nonetheless be necessary to determine whether she received the policy as a gift or by operation of law as administratrix of the estate.

To ascertain the *bona fides* of Elizabeth's assertion of a gift, by order of this court an affidavit by Elizabeth was filed in the district court along with a statement by her counsel as to what was his basis for the filing of the pleading. What is said in the affidavit and in the statement of Elizabeth's counsel, at least at this stage of the proceeding, cannot be treated as a frivolity. See Rule 11, Fed.R.Civ.P., 28 U.S.C.