## Sandberg, Appellant, *v.* Metropolitan Life Insurance Co.

Argued April 23, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Arthur S. Arnold,* with him *Sol Spiegel,* for appellant.

*Owen B. Rhoads,* with him *Harry Cole Bates* and *Dechert, Smith & Clark,* for appellee.

Opinion by Mr. Justice Drew, May 13, 1941:

Plaintiff, beneficiary of a life insurance policy issued by defendant upon the life of her husband, brought this action in assumpsit to recover the face amount of the contract after the death of the insured. Defendant filed an affidavit of defense and plaintiff then obtained a rule to show cause why judgment should not be entered in her favor for want of a sufficient defense. After argument this rule was discharged and plaintiff appealed.

Accepting the essential facts to be as they are set forth in defendant's affidavit of defense, they are as follows: Louis Sandberg made written application to defendant for a "Whole Life Policy" of insurance at ordinary premium rates. For an undisclosed reason the defendant refused to issue the policy at such rates, but it did offer to issue a policy at "intermediate rates", which were higher than the ordinary premium rates for this type of insurance. The applicant, being agreeable to this change, executed in writing on a company form an amendment to his application, wherein he changed "the plan of insurance to Whole Life Intermediate Rates". The policy in question was then issued and he paid the first premium thereon. Eight days later he died and defendant thereafter refused to pay plaintiff's claim, alleging that Sandberg had made fraudulent statements in his application, as to medical attendance, existence of certain diseases, and consultations with physicians within five years of the date of the policy. The part of the application in which the alleged fraudulent statements were contained was attached to the policy. It is admitted, however, that the amendment to the application was not attached to the policy, although it provided, inter alia, "Both forms are to be filled in and signed in INK only. One form is to be attached to the Policy. . . . The undersigned hereby amends the application for Life insurance made to your Company. . . . These amendments and declarations are to be considered as a part of the said application

and subject to the agreements, covenants, and statements therein contained. The said application, together with these amendments, is to be considered as the basis of and as part of the contract of insurance." For this reason plaintiff contends that no part of the application may be considered as part of the contract because of section 318 of the Act of May 17, 1921, P. L. 682.* If this contention is correct, defendant has set forth no defense to plaintiff's statement of claim, since its whole defense is based upon the alleged fraudulent answers of Sandberg to questions contained in part of the application.

There can be no doubt but that when the Act of 1921 requires that a copy of the application be attached to the policy if it is to be considered a part of the contract, the Legislature meant that the whole application, as signed by the applicant, must be attached. A part of the application is not "the application". *Fidelity Title & Trust Co. v. Metropolitan Life Insurance Co.*, 305 Pa. 296, 301. And that this is a salutary law is evident when it is realized what injustice might result if it were held that only that part of the application need be attached upon which defendant wishes to predicate its defense, since, for example, an unattached part might easily explain apparently fraudulent statements made in the attached part. The insured or beneficiary is entitled to have the whole application before him, if

---

* Section 318 provides in part as follows:

"All insurance policies issued by stock or mutual insurance companies or associations doing business in this State, in which the application of the insured . . . form part of the policy or contract between the parties thereto, or have any bearing on said contract, shall contain, or have attached to said policies, correct copies of the application as signed by the applicant, . . . and, unless so attached and accompanying the policy, no such application, . . . shall be received in evidence in any controversy between the parties to, or interested in, the policy, nor shall such application . . . be considered a part of the policy or contract between such parties."

any part of it is to be used against him as a defense. In the instant case both the insured and the insurer agreed that the amendment should be part of the application for insurance, and it clearly appears that in and of itself it was a necessary part of the contract. Since it was not attached to the policy, as required by the Act of 1921, which is mandatory in its requirement, no other part of the application may be considered as part of the contract. "The omission of a part, which of course includes a supplementary part, operates to exclude the whole": *Fidelity Title & Trust Co. v. Mettropolitan Life Insurance Co.*, supra, at p. 301. If the company has suffered an unnecessary loss it has resulted solely from its own negligence.

No valid defense having been set forth by defendant in its affidavit of defense, the order of the learned court below in discharging the rule for judgment is reversed and judgment is here entered in favor of plaintiff in the sum of $5,000, with interest; costs to be paid by appellee.