## Murray *v.* John Hancock Mutual Life Insurance Company, Appellant.

Argued October 6, 1949. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*William H. Peace, 2nd,* with him *Ira Jewell Williams* and *White, Williams & Scott,* for appellant.

*Sabato Morais Bendiner,* for appellee.

OPINION BY HIRT, J., November 15, 1949:

On December 19, 1941, Thomas H. Murray, Jr., made application to defendant, John Hancock Mutual Life Insurance Company, for a policy of insurance on his life in the sum of $1,000. With the application, he paid the first premium. The application was made on a printed form compiled by the insurance company and supplied by its agent. The offer was accepted by the

defendant company and, in response thereto, its policy in that amount was issued to the applicant on January 1, 1942. The policy, when delivered and accepted by the insured, had attached to it a War Risk Exclusion Provision which limited the liability of defendant insurer to the reserve value of the policy in the event of death of the insured while serving outside the United States in the military service of any country at war. It is admitted that Thomas H. Murray, Jr., died on March 11, 1945, in Burma while so serving in the military forces of the United States. All premiums had been paid and the policy was in force on the date of death. In this action brought by plaintiff, the mother of the insured and the beneficiary named by him in the policy, the verdict was in her favor for the face of the policy on a finding that the rider containing the War Risk Exclusion Provision had been attached to the policy without the consent of the insured in writing. The lower court refused to enter judgment for the defendant n. o. v. on the broad ground that under the terms of the application of the insured for the policy, the company could not, by the rider in question, limit its liability, notwithstanding the acceptance of the policy by the insured with the rider attached.

The general rule is that the application becomes a part of the agreement between the parties and, taken together with the policy when issued, constitutes the insurance contract. And ordinarily, a contract of insurance cannot be changed without the consent of both parties. 13 Appleman, Insurance Law and Practice, §§7582, 7602. There can be no doubt as to the relevancy of these principles here, for the policy issued by the defendant explicitly provides that the application for the insurance *and* the policy shall constitute the contract between the parties. Moreover, the application for the insurance, signed by the insured, was attached to, and was made a part of the policy.

Inasmuch as the first premium was paid when the application was signed and the applicant was found then to be insurable "within the company's rules for the amount and on the plan applied for without modification" the insurance *as applied for* became effective *without modification* on the date of the application, according to provision "B" of the application.[1] The insurance applied for was "Ordinary—Monthly Debit Ord.—20 Pay Life $1,000" and there was no reference to the exclusion of war risks in the application. Moreover the application contained this provision: "D. If errors or omissions in this application are discovered by the Company, it is authorized to amend this application by noting the change in the space on Page 1 entitled 'Corrections and Amendments,' *and the acceptance of any policy issued on this application, so amended, shall constitute a ratification by me of any such changes or amendments, but no change of amount, classification, plan of insurance, or benefits shall be effective unless agreed to in writing by me.*" Emphasis has been added to the provision of the application which is of controlling significance in the disposition of this appeal.

The insured's contract of insurance became effective as of December 19, 1941, the date of the application. The war risk insurance clause attached to the policy is dated January 1, 1942. By the rider it was intended to

---

[1] The application in this respect provided: "It is understood and agreed that: . . . B. If the first premium or instalment thereof stated on Page 1 was paid when this application was signed, and if the Company is satisfied that on the date of this application I was insurable in accordance with the Company's rules for the amount and on the plan applied for without modification, and if this application is, prior to my death, approved by the Company at its Home Office, the insurance applied for shall be in force as of the date of this application, but, if this application so provides, such insurance shall be in force as of the date of issue of the policy." Section 15 of the application contains the election of the applicant to have the insurance effective as of the date of the application.

change the coverage of the insurance materially by reducing it from the amount of the face of the policy to its reserve value merely, in the event of death of the insured in the armed forces. In effect it contemplated wiping out of the insurance obligation of the contract in case of death of the insured in military service, by limiting its liability to reserve value based upon the premiums paid by the insured. Clearly any provision reducing the liability of the insurer below the face of the policy is a change of contemplated "benefits" to the insured, within the exception of provision "D" of the application.

In general one who accepts an insurance policy is bound by its terms. *Benzinger v. Prud. Ins. Co. of Amer.*, 317 Pa. 561, 176 A. 922. But the parties may contract otherwise and the principle has no application here because of the agreement of the parties that such change of benefits shall not become effective upon acceptance of the policy unless ratified in writing by the insured. The insured in this case did not agree to any change in the terms of the policy specified in his application. For this reason, although an insured is presumed to know the contents of his insurance policy (*Butler C. Co. v. Springfield F. & M. I. Co.*, 296 Pa. 552, 146 A. 135), acceptance of the policy by the insured in this case either with or without knowledge that the War Risk Exclusion Rider was attached to it does not estop his beneficiary from recovery of the full face of the policy.

We are supported in this conclusion by the holding of *Ellis et al. v. Columbian Nat. Life Ins. Co.*, 59 N. Y. S. 2d 335, affirmed in 296 N. Y. 594. The application for the policy in that case contained a provision almost identical with that with which we are concerned. A war clause rider was attached to the policy as in the instant case. It was there held that the insured's consent in writing was necessary to make the war clause effective. And although the insured never signed the supplemental

agreement submitted by the company to that effect, the company continued to accept the payment of premiums until the death of the insured four years later, in service of the armed forces of the United States. Recovery for the full face of the policy was allowed.

A War Risk Exclusion Clause is an extraordinary limitation on an insurance contract and is not in the same class with the restriction of the insurer's liability in case of suicide, as appellant contends. The former, to be effective, requires the written consent of the insured under an insurance contract such as in the instant case; on the other hand the suicide clause is a well-known limiting provision common to standard policies generally, and is presumed to be within the contemplation of the parties, without specific mention in an application for the insurance.

Judgment affirmed.