Opinion by
 

 Rhodes, P. J.,
 

 This is an action in assumpsit by the beneficiary in a life insurance policy issued by defendant. Plaintiff was the mother of the insured, Roy F. Good, to whom the policy was issued upon his written application, a copy of which was attached to the policy and made a part thereof.
 

 It was agreed, as averred in plaintiffs statement of claim, that insured was killed on October 4, 1943, the policy then being in force, while engaged in flying as an instructor in aviation at Meadville, Pennsylvania, and that the policy issued on May 16,1941, had attached thereto a special rider or clause entitled “Special Provision as to Aeronautics,” which limited defendant’s liability to payment of the reserve thereon in case of “Death as a result, directly or indirectly, of travel or flight in any species of air craft, except as a fare-paying passenger on a licensed air craft piloted by a licensed passenger pilot on a scheduled passenger air service regularly offered between specified airports, . . .” The policy was an ordinary life policy with double indemnity for accidental death, and waiver of premium if insured should become totally disabled. It was delivered with the rider attached on May 17,1941, and the first premium was then paid. The insured, in writing, accepted the policy which had been issued, and agreed to the inclusion of the aeronautics clause. A copy of this written acceptance was not attached to the policy.
 

 At the trial plaintiff unsuccessfully sought to avoid the effect of the attached rider or aeronautics clause. The trial judge, at the conclusion of the trial, resolved
 
 *337
 
 all tlie issues against plaintiff, and directed the jury to return a verdict for plaintiff in the amount of $172.27, the reserve due on the policy. Plaintiff’s motions for judgment n. o. v. and for a new trial were overruled, and she has appealed from the judgment entered on the verdict.
 

 Appellant on this appeal, as in the court below, contends that, although the rider or aeronautics clause was physically attached to and made a part of the policy, it was nevertheless ineffective because insured’s written consent to its inclusion was not also attached to the policy. Appellant relies on section 318 of The Insurance Company Law of May 17, 1921, P. L. 682, 40 PS §441, and argues that this section of the Act makes it necessary that both the rider and insured’s written consent to its inclusion in the policy be attached to the policy. Section 318 provides as follows:
 

 “All insurance policies, issued by stock or mutua], insurance companies or associations doing business in this State, in which the application of the insured, the constitution, by-laws, or other rules of the company form part of the policy or contract between the parties thereto, or have any bearing on said contract, shall contain, or have attached to said policies, correct copies of the application as signed by the applicant, or the constitution, by-laws, or other rules referred to; and, unless so attached and accompanying the policy, no such application, constitution, or by-laws, or other rules shall be received in evidence in any controversy between the parties to, or interested in, the policy, nor shall such application, constitution, by-laws, or other rules be considered a part of the policy or contract between such parties.”
 

 The general purpose of this Act, and of earlier similar statutory provisions, is to keep before the insured all the terms of his contract with the company.
 
 Lenox v. Greenwich Insurance Company of New York,
 
 165 Pa.
 
 *338
 
 575, 577, 30 A. 940. “The insured or beneficiary is entitled to have the whole application before him, if any part of it is to be used against him as a defense”:
 
 Sandberg v. Metropolitan Life Insurance Company,
 
 342 Pa. 326, 328, 329, 20 A. 2d 230, 231. In the present case the entire written application of the insured was attached to the policy. In addition the face of the policy in question contained the following: “This Policy is subject to the Special Provision as to Aeronautics included herein.” The rider, captioned “Special Provision as to Aeronautics Supplemental Agreement attached to and made a part of Life Insurance Policy No. 13 547 768 A issued on the life of Roy F. Good,” was physically attached to the policy as issued on May 16, 1941. Defendant by letter called insured’s attention to the fact that the rider was attached to the policy, and recited the clause in full. Insured, on May 17, 1941, acknowledged receipt of the policy, and in writing specifically accepted it as issued with the rider or aeronautics clause included. This acknowledgment was returned to defendant. The policy was thereafter delivered to insured’s father, Robert P. Good, on May 17, 1941. The father paid the premium but did not read the policy in full, and he did not become aware of the special provision as to aeronautics until shortly after insured’s death.
 

 Defendant could rely upon the special provision as to aeronautics which was attached to the policy although insured’s written consent thereto was not also attached. Section 318 of The Insurance Company Law, 40 PS §441, prescribes that “copies of the application as signed by the applicant, or the constitution, by-laws, or other rules referred to” must be attached to the policy if they are to be received in evidence in any controversy between the parties. In the present case no application, constitution, by-law, or other rules of the company are involved, and insured’s written consent to the inclusion of the rider or aeronautics clause was relevant and ad
 
 *339
 
 missible in evidence. Section 318 of the Act is not applicable or controlling, and it did not make it necessary that insured’s written consent to the inclusion of the rider or aeronautics clause should be physically attached to the policy.
 
 Employers’ Liability Assurance Corp., Ltd., v. Lebanon Auto Bus Co.,
 
 360 Pa. 42, 47, 59 A. 2d 880.
 

 In
 
 Murray v. John Hancock Mutual Life Insurance Co.,
 
 165 Pa. Superior Ct. 514, 69 A. 2d 182, we held that the war risk exclusion clause attached to a life insurance policy required the written consent of the insured to be effective as it changed the contemplated “benefits” to the insured within the exception of the provision in the application; that the contract of insurance became effective as of the date of the application; and that the acceptance of the policy by the insured did not estop his beneficiary from recovery. In the present case the insured, in writing, agreed to accept the policy as issued with the rider attached before the payment of the first premium which was necessary to make the policy effective. These cases are distinguishable, although the applications in both cases contained provisions which in substance made necessary the written consent of the insured where the policy as issued changed the contemplated “benefits” to the insured.
 
 [1]
 

 
 *340
 
 Appellant relies upon sucli cases as
 
 Fidelity Title
 
 &
 
 Trust Co. v. Metropolitan Life Insurance Co.,
 
 305 Pa. 296, 157 A. 614,
 
 Frost v. Metropolitan Life Insurance Co.,
 
 337 Pa. 537, 12 A. 2d 309, and
 
 Sandberg v. Metropolitan Life Insurance Co.,
 
 supra, 342 Pa. 326, 20 A. 2d 230, which hold that the entire application must be attached to the policy of insurance if the company seeks to rely upon any part of such application to establish a defense. These cases fall clearly within the scope of section 318 of the Insurance Company Law, 40 PS §441, and are distinguishable. In
 
 Blatz v. Travelers Insurance Co.,
 
 272 App. Div. 9, 68 N. Y. S. 2d 801, the aviation rider or clause was not physically attached to the policy, and consequently was not available to the company as a ground of defense.
 

 Appellant next contends that she, as the beneficiary named in the policy is not bound by the insured’s consent to the aeronautics clause therein. Under the facts of this case this contention has no merit. The contract, which was made between the insured and the defendant, included the special provision as to aeronautics. Appellant’s rights as a beneficiary were to this extent derivative, and they rose no higher than those given under the principal agreement.
 
 Selden v. Metropolitan Life Insurance Co.,
 
 354 Pa. 500, 503, 47 A. 2d 6S7;
 
 Miller v. Travelers Insurance Co.,
 
 143 Pa. Superior Ct. 270, 273, 17 A. 2d 907; Restatement, Contracts, §140. A beneficiary takes his interest in a contract strictly according to its
 
 *341
 
 terms, and lie has only such rights and interest thereunder as the contract gives him. 2 Couch, Insurance, §308; 29 Am. Jur., Insurance, p. 950, §1274. Appellant as beneficiary had no vested interest in the policy until its issuance, delivery, and acceptance. Neither the consent of appellant as beneficiary, nor of the father as the alleged “owner” of the policy, was necessary in the present case in order to make effective the aeronautics clause. The father possessed no contractual interest which required his consent to the whole or to any part of the insurance policy which was issued.
 

 It is a well recognized rule, as appellant states, that where the terms of a policy are susceptible of different interpretations, the construction most favorable to the insured should be the one adopted.
 
 Snader v. London & Lancashire Indemnity Company of America,
 
 360 Pa. 548, 551, 62 A. 2d 835. But that rule has no application to the instant case, as the meaning of the aeronautics clause as included in the policy is clear and free from doubt. Moreover, appellant has not attempted to point out in what respect any ambiguity arises.
 

 Appellant, in her pleadings and at the trial, attempted to avoid the effect of the aeronautics clause by endeavoring to show that it was inserted by defendant contrary to an oral understanding between its local agent and insured’s father, Robert P. Good, that the policy would not contain a war risk or aviation clause. The father testified that the local agent told him previous to the issuance of the policy “that there were no restrictions in any policies, and if I was interested in insurance he could deliver to me a policy just like the policies I had on the boys.” The father further testified that the agent subsequently delivered the policy, together with one of another son, stating “Here are the policies as ordered”; and that he gave the agent a check for the first premium. Testimony as to the alleged oral
 
 *342
 
 agreement with defendant’s agent was received subject to defendant’s objection. The policy contained an “Entire Contract” clause which limited the contract to the policy and. the application attached. The policy also contained a clause to the effect that an agent had no authority to bind defendant beyond the contract as written. Assuming the admissibility of the evidence as to representations by the agent, such evidence failed to meet the standard required to reform a written instrument. Cf.
 
 Aliquippa National Bank v. Harvey,
 
 340 Pa. 223, 232, 16 A. 2d 409;
 
 Tate v. Metropolitan Life Insurance Co.,
 
 149 Pa. Superior Ct. 558, 562, 27 A. 2d 283. Rather, it purported to relate to an oral agreement between the witness and defendant. Nor did appellant show any authority in the agent to vary the written contract of insurance by parol evidence. Cf.
 
 Kash v. Sun Life Assurance Company of Canada,
 
 140 Pa. Superior Ct. 478, 480, 14 A. 2d 214;
 
 Matovich v. Mutual Benefit Health & Accident Association,
 
 157 Pa. Superior Ct. 604, 607, 43 A. 2d 648.
 

 The trial judge properly directed a verdict for appellant limited to the amount of the reserve due on the policy.
 

 Judgment is affirmed.
 

 [1]
 

 The application in the present case provided, inter alia:
 

 “4. The Company shall incur no liability under this application until it has been received, approved, and a policy issued and delivered, and the full first premium specified in the policy has actually been paid to and accepted by the Company during the lifetime and continued insurability of the applicant, in which case such policy shall be deemed to have taken effect as of the date of issue as recited on the first page thereof, except that if the applicant pays in cash to the Company, on the date this application is signed, an amount equal to the full first premium on the policy applied for and if this application is approved at the Company’s Home Office for the class, plan and amount of insurance herein applied for, then the policy applied for shall be in force from the date of the application.
 

 
 *340
 
 “5. In case of apparent errors or omissions discovered by tbe Company in Part A of tbis application, the Company is hereby authorized to amend this application by noting the change in the space entitled ‘Corrections and Amendments.’ I hereby agree that my acceptance of such policy, accompanied by a copy of the application so amended, shall operate as a ratification of such changes or amendments, provided, however, that no change shall be made as to amount, classification, plan of insurance or benefits, unless agreed to in writing by me.”