## NACCHIO et al. v. NEW YORK LIFE INS. CO.

### No. 10793.

United States Court of Appeals
Third Circuit.

Argued Dec. 5, 1952.

Decided Dec. 30, 1952.

---

Harry R. Kozart, Philadelphia, Pa., for appellants.

Joseph S. Conwell, Philadelphia, Pa. (Thomas E. Comber, Jr., Francis E. Marshall, Pepper Bodine, Stokes & Hamilton, Philadelphia, Pa., Ferdinand H. Pease, New York City, on the brief), for appellee.

Before BIGGS, Chief Judge, and MARIS and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

Plaintiffs, beneficiaries of a life insurance policy and citizens of Pennsylvania, sued defendant insurance company, a New York corporation, to recover the face amount of the policy plus a small amount of unearned premium. The district court, sitting without a jury gave judgment for defendant, and plaintiffs have appealed.

The insured made application to the defendant for a policy of life insurance in the amount of $7500 on November 5, 1947. Pursuant to that application, insured was examined by defendant's medical examiner on November 13, 1947, and the policy issued and was delivered on December 6, 1947. This policy has been paid and is not directly involved in the present suit.

On December 29, 1947, the insured made written application to defendant for a further $3000 policy. In accordance with defendant's usual business practice, no medical examination was required in connection with this application since the applicant had been examined by the company within the past 60 days. On December 31, 1947, the insured consulted a physician who ordered him hospitalized. Insured entered the hospital on January 7, 1948, and remained there until January 14, 1948. On January 10, 1948, defendant's agent delivered the $3000 policy to insured's brother and received from him the first premium payment. It is rightly conceded that this policy is a Pennsylvania contract and that all issues now contested are governed by the law of Pennsylvania.

Insured died on April 6, 1948. Due proof of death and demand for payment of the $3000 policy were made by plaintiffs, but defendant refused demand and tendered to insured's executrix the premium paid plus interest. As a defense to the present suit on the $3000 policy, defendant has successfully relied on a clause in the application signed by the insured "that the insurance hereby applied for shall not go into force unless and until the policy is delivered to and received by the Applicant * * *, and then only if the Applicant has not consulted or been treated by any physician or practitioner since his medical examination, or since the time of making this application if no medical examination is made * * *" Since it is undisputed that the insured not only consulted a physician but actually entered a hospital during the interval between making his application on December 29, 1947, and his brother's receipt of the policy on January 10, 1948, defendant maintained that a necessary condition precedent having never been fulfilled, the policy never went into effect. If the clause relied on by defendant is part of the policy and is admissible into evidence, there is no doubt as to the correctness of defendant's position.

But plaintiffs contend that the Pennsylvania Act of May, 1921, P.L. 682, § 318, 40 Purd.Stat. § 441, makes the paper on which

the clause in question is found inadmissible and that the defense thereby falls. That Act provides:

"All insurance policies * * * in which the application of the insured * * * form[s] part of the policy or contract between the parties thereto, or [has] any bearing on said contract, shall contain, or have attached to said policies, correct copies of the application as signed by the applicant * * *; and, unless so attached and accompanying the policy, no such application * * * shall be received in evidence in any controversy between the parties to, or interested in, the policy, nor shall such application * * * be considered a part of the policy or contract between such parties."

The clause on which defendant relies is contained in a paper headed "Application to the New York Life Insurance Co.—Part I". This paper is dated December 29, 1947, is signed by the insured, and a photostatic copy of it was physically attached to the policy when it was delivered to insured's brother. In addition, the following documents were attached to the policy: a photostatic copy of insured's "Answers to the Medical Examiner—Part II" which he had signed and submitted on November 13, 1947, in connection with the $7500 policy; a photostatic copy of a hand written signed statement by insured as to his day of birth; a photostatic copy of an amendment dated December 2, 1947, signed by insured and agreeing that insurance be written with age advanced 8 years; a carbon copy of a similar amendment dated January 6, 1948, with insured's name typed in the place for signature, and a copy of a Self Health Certificate dated January 6, 1948, with insured's name typed in the place for signature.

The district court, sitting without a jury, found as a fact that the entire application for the $3000 policy consisted of the "Part I" dated December 29, 1947, and the Self Health Certificate dated January 6, 1948. Since copies of both of these papers were physically attached to the policy, the court held that the requirement of the Act of 1921 had been met. It then ordered judgment for the defendant on the ground that a condition precedent for the effectiveness of the policy, to wit, no medical treatment after application and before policy delivery, had not been fulfilled.

Plaintiffs appealed the district court's order on the ground that the application and any defenses based thereon should have been excluded. They contend that the Act of 1921 was not complied with in that (1) the company failed to attach "Part II" of the application dated December 29, 1947, and the application dated November 5, 1947, both mentioned in the papers which were attached, and (2) the company attached "Part II" dated November 13, 1947, without the consent of the insured.

■ Plaintiffs' first point is founded on the rule that if a company fails to attach the entire application, it may not use as a defense anything contained in the part which it in fact does attach. Sandberg v. Metropolitan Life Insurance Co., 1941, 342 Pa. 326, 20 A.2d 230. It presupposes that there was a "Part II" dated December 29 and that the Application dated November 5 was part of the subsequent application for the $3000 policy.

■ The missing "Part II" would ordinarily be headed and consist of "Answers to the Medical Examiner", as given at the time of application. But it is stipulated that no medical examination was required where applicant had been examined within 60 days next preceding his application. Deceased had been so examined and his answers given at that time were attached to this policy. The district court logically concluded that plaintiffs were complaining of failure to attach something that not only was not required but in this case never existed.

The other missing document is that which the insured executed when applying for the $7500 policy. A similar form was executed in requesting the policy in suit and is, of course, attached. The district court properly concluded that the earlier paper, though referred to in another attached document, was not relevant to the present application or properly considered a part of it.

Plaintiffs' other contention is that "Part II" of the application dated November 13, 1947 (i.e. the answers given to the Medical Examiner in connection with the $7500 policy) was attached without the consent of the insured. If defendant sought to rely in some way on this "Part II", plaintiffs might well have cause to object. See Fidelity Title & Trust Co. v. Metropolitan Life Insurance Co., 1931, 305 Pa. 296, 157 A. 614. But both sides seem to agree that this "Part II" which was physically attached to the policy forms no part of the application for this policy. Plaintiffs' contention seems therefore to reduce itself to the proposition that an insurance company attaches a surplus paper to a policy at its peril. If it attaches anything more than the papers which make up "the" application it is barred, on plaintiffs' theory, from using any defense which rests on any part of the application. We agree with plaintiffs that the Pennsylvania courts have construed the Act of 1921 and its predecessors strictly, and have held that if any part of the application is not attached, none of what is attached may be relied on by the insurance company.[1] But it does not follow from this that if the whole application is attached, and something more, the application can not be relied on. Suppose that in stapling together the various papers which make up the application and the policy, a clerk inadvertently includes in the papers part of some third person's application, or a personal letter which he has on his desk, or even a blank piece of paper. Would this serve to deprive the company of an otherwise valid defense? Not unless rule and reason are to be divorced. The purpose of the Act was to require the company to put before an insured everything on which the company might later rely in resisting payment of his policy. That purpose is not defeated by including, in addition to everything required by the Act,

something extraneous. We think the district court's reasoning in this respect was sound.

Moreover, the Pennsylvania Superior Court has ruled to this effect in an analogous case. In Baldi v. Metropolitan Life Insurance Co., 1902, 18 Pa.Super. 599, which arose under an earlier Act similar to the Act of 1921, the application form consisted of three parts on the same piece of paper. Part A contained questions to be answered by the applicant. Part B contained the applicant's answers to questions propounded by the medical examiner. Part C contained the medical examiner's report of his examination. Parts A and B were signed by the applicant. Part C was not. The trial court held that the entire paper constituted the application and that since the completed and attached Part C was not signed, "the application as signed by the applicant" was not attached and no part of it could be introduced into evidence. In reversing, the Superior Court stressed the fact that Part C was "not part of the 'application as signed by the applicant'" and distinguished those cases where part had been excluded on the ground that the whole had not been attached. Since all three parts were on the same piece of paper, and the paper was physically attached to the policy, the Superior Court apparently reasoned that the inclusion of superfluous reports of the medical examiner should not operate to exclude the whole application which was attached.

The same reasoning requires the same result in the present case. Indeed, the additional matter complained of here is further removed from the policy sued on than was that in the Baldi case. For there it was a paper which had been prepared in connection with the very policy to which it was attached. Here it is part of the application for a different policy.

The district court correctly admitted into evidence what it permissibly found to be

---

[1] "A part of the application is not 'the application'. * * * And that this is a salutary law is evident when it is realized what injustice might result if it were held that only that part of the application need be attached upon which defendant wishes to predicate its defense, since, for example, an unattached part

might easily explain apparently fraudulent statements made in the attached part. The insured or beneficiary is entitled to have the whole application before him, if any part of it is to be used against him as a defense." Sandberg v. Metropolitan Life Insurance Co., 1941, 342 Pa. 326, 328–329, 20 A.2d 230, 231.

the whole application; that application established a condition precedent for the effectiveness of the policy which was not fulfilled; therefore, the policy never went into effect.

The judgment will be affirmed.