Hugh D. SUMMERS

v.

Leslie I. LUKASH, et al.

Civ. A. No. 82–5221.

United States District Court,
E.D. Pennsylvania,
Civil Division.

April 19, 1983.
Amended April 21, 1983.

---

Greenfield & Chimicles, Bala Cynwyd, Pa., Barry J. Pinkowitz, New York City, for plaintiff.

Barry F. Schwartz, Barry S. Augenbraun, John G. Harkins, Jr., Marc Durant, Philadelphia, Pa., for defendants.

## MEMORANDUM

NEWCOMER, District Judge.

Plaintiff brings this action alleging violation of federal security laws and "applicable principals of common law." The defendants named in the complaint are the Hi-G Corporation, a manufacturer of electronic components; Alvin Lukash, Seth Lukash, Terrance Geoghegan, Leslie Lukash, Phil David Fine, Conrad Kronholm and Martin Berman, officers and directors of Hi-G; Drexel Burnham Lambert, a broker/dealer in securities; and Laventhol & Horwath, a firm of certified public accountants.

Before the court are various motions to dismiss the complaint under F.R.C.P. 12(b)(6) for failure to plead fraud with sufficient particularity to meet the requirements of F.R.C.P. 9(b) and for failure to state a claim upon which relief can be granted.[1] Some of the defendants have also moved, in the alternative, for a more definite statement pursuant to F.R.C.P. 12(e).

In Count I of the complaint the plaintiff alleges that the defendants[2] violated § 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder, by failing to disclose certain information in press releases, Annual and Quarterly Reports released in 1980 and 1981 and a prospectus of Hi-G dated April 14, 1981. Plaintiff alleges that the failure to disclose was done by the defendants with the purpose of causing investors like the plaintiff to purchase securities and that the acts were performed with a reckless indifference to the truth. Plaintiff further alleges that he bought and sold shares of Hi-G and lost money in these transactions as a result of the defendants' activities. The plaintiff, in Count II of the complaint, asserts that these activities also violate "applicable principles of common law."

The defendants argue that Count I and Count II of the complaint fail to meet the

---

1. Defendants Alvin and Seth Lukash have not filed motions to dismiss, and have answered the complaint.

2. Defendant Geoghegan is only included as a defendant in Count III of the complaint.

requirements of F.R.C.P. 9(b)[3] and that the complaint, therefore, should be dismissed. Because I find that the complaint is fatally deficient in some respects, I will grant the motion. The plaintiff, however, will be given leave to replead in order to correct these deficiencies.

## I.

Initially, I must deal with the plaintiff's contention that F.R.C.P. 9(b) should not be rigorously applied to cases arising under § 10(b) in light of the Supreme Court's recent decision in *Herman & MacLean v. Huddleston,* —— U.S. ——, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983). In *Huddleston* the Supreme Court held that the plaintiff's burden of proof in a case brought under § 10(b) is proof by a preponderance of the evidence and not proof by clear and convincing evidence. The court overruled the Court of Appeals for the Fifth Circuit which had held that proof by clear and convincing evidence should be required in a 10(b) action because common law actions and fraud were governed by the higher burden of proof.

The plaintiff interprets *Huddleston* as implying that the common law requirement that fraud be pleaded with particularity (codified in Rule 9(b)) should be used to impose only a minimal burden on plaintiffs in pleading § 10(b) actions. I do not find the plaintiff's argument persuasive.

In *Huddleston* the court determined that greater weight should not be given to a § 10(b) defendant's interests in avoiding "the opprobrium that may result from the finding of fraudulent conduct," —— U.S. at ——, 103 S.Ct. at 692, 74 L.Ed.2d at 561,

than the weight given to society's interest in protecting defrauded investors. As a result, the standard of proof that should apply to § 10(b) cases is that which allocates the risk of error in the most equal fashion, *i.e.,* proof by a preponderance of the evidence.

■ This reasoning does not fully apply to the standard of pleadings established by Rule 9(b), however. Requiring that actions under § 10(b) be pleaded with particularity not only serves to protect defendants in § 10(b) actions from the opprobrium that may result from accusations of fraudulent conduct, it also provides defendants charged with fraud with specific notice of the charges against them so that they have a reasonable opportunity to frame an answer and prepare a defense.[4] Furthermore, the requirements of Rule 9(b) serve as a barrier to prevent the bringing of suits which simply seek to recover an *in terrorem* settlement value.[5] These goals support the application of the particularity requirement to pleadings in § 10(b) actions regardless of the scope one might choose to give *Huddleston.*[6]

■ The requirements of Rule 9(b), however, should be applied to the degree necessary to fairly serve the interests discussed above. It should not be used to create an insurmountable obstacle to the bringing of § 10(b) actions and it must be read in conjunction with the general principle of notice pleading adopted by the Federal Rules. *See* F.R.C.P. 8. Thus, the plaintiff should only be required to plead with sufficient particularity to give the defendants a fair opportunity to frame an answer and prepare a defense, and to insure that plaintiff

---

3. F.R.C.P. 9(b) reads as follows:

   In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind of a person may be averred generally.

4. Because the scope of the acts which may constitute a § 10(b) violation is quite broad, defendants in this area are entitled to notice of the specific acts relied upon by the plaintiff in bringing the action. *See Ross v. A.H. Robins Co.,* 607 F.2d 545, 557 (2d Cir.1979).

5. *Id.* at 557.

6. Furthermore, the protection afforded by Rule 9(b) may obviate, to some degree, the protection of defendants which would result from the application of a higher standard of proof in § 10(b) actions. The particularity requirement of Rule 9(b) may, therefore, be viewed as a factor which supports the decision in *Huddleston.*

has a sufficient factual basis for bringing the action.

■ The defendants argue that the plaintiff's complaint is fatally deficient as to Count I in that it fails to allege:

1. The number of shares owned by plaintiff and the dates of their purchase or sale;

2. The precise documents in which the alleged false and misleading statements occurred and which were relied upon by the plaintiff;

3. The specific statements in these documents which are alleged to be false or misleading;

4. *Scienter* on the part of the defendants;

5. That the complaint is pleaded on information and belief rather than personal knowledge.

The defendants also urge that the complaint as to Count II is insufficient in that it simply alleges that the facts alleged in Count I also constitute violations of "applicable principles of common law" without identifying the specific cause of action.

The plaintiff does not dispute the defendants' claims that the complaint should include a summary of the plaintiff's purchases and sales of Hi-G stock and that the complaint should be pleaded on the basis of the plaintiff's personal knowledge and not on information and belief. The plaintiff asks that he be allowed to provide this information to the court and to the other parties informally, rather than being required to amend his complaint. I believe, however, that it is far wiser to adhere to the rules and include these changes in an amended complaint.

The plaintiff in this action has also, I believe, a duty to identify the allegedly false and misleading statements on which he relied. *See Decker v. Massey-Ferguson, Ltd.,* 681 F.2d 111 (2d Cir.1982). The plaintiff has, to some extent, met this requirement. He has alleged that the Quarterly and Annual Reports issued by Hi-G during 1980 and 1981 and a Hi-G prospectus dated April 14, 1981, were rendered false and misleading by the omission of certain information. Because the plaintiff has been fairly specific in identifying the omissions and because the category of documents is narrow in scope and clearly relate to the financial condition of Hi-G, I believe that these allegations satisfy Rule 9(b).

Plaintiff, however, also alleges that Hi-G "press releases" and "other documents" were also rendered false and misleading by the specified omissions. These documents clearly are not sufficiently identified and if plaintiff intends to rely upon them, they should be identified in plaintiff's amended complaint both by date and by form.

As to the allegations against the defendant Drexel Burnham Lambert ("DBL"), plaintiff asserts that DBL disseminated false and misleading "bulletins, research reports, and other information" to the plaintiff. I do not believe that this allegation meets the requirements of Rule 9(b). The plaintiff, although identifying the allegedly misleading Hi-G documents only by category, at least referred to a limited set of documents, which were clearly related to Hi-G's financial condition, *i.e.,* the Quarterly and Annual Reports released in 1980–1981 as well as a Hi-G prospectus. The identification of the documents released by DBL is much less specific. The plaintiff must, in this case, identify by date and form each piece of information disseminated by DBL which the plaintiff claims was intentionally false and misleading.

As to the defendant Laventhol & Horwath, I believe that the plaintiff must specify which documents were certified by that defendant and how the intentional actions of Laventhol & Horwath rendered those documents false and misleading.

The plaintiff's allegations of *scienter* on the part of the individual defendants and DBL is sufficient to state a claim under § 10(b). Rule 9(b) allows a plaintiff to generally aver malice, intent and knowledge. While it is true that some factual basis should be given to support a general averment of *scienter, see Wildman v. Wills,* C.A. No. 78–1246, Memorandum and Order (E.D.Pa. Oct. 16, 1979), I believe that the

plaintiff has met this requirement by alleging that the defendants were controlling persons at Hi-G and, as such, were aware of the facts which the plaintiff alleges were wrongfully omitted from various statements of that corporation, and that permitting such documents to be released with such omissions constituted, at a minimum, a reckless disregard for the truth.

As far as defendant Laventhol is concerned, however, the plaintiff has not pleaded *scienter* with sufficient specificity. The plaintiff must plead with specificity the actions which were taken by Laventhol with the requisite *scienter,* with respect to each false and misleading statement for which Laventhol is allegedly responsible.

As to Count II, I believe that the plaintiff's complaint may not even satisfy the requirements of notice pleading. The plaintiff, in amending the complaint, should identify the common law causes of action under which he feels he is entitled to recover.

## II.

 Plaintiff, in Count III of the complaint, seeks damages and equitable relief for alleged violations of § 14(a) of the Exchange Act and Rule 14a–9 promulgated thereunder.[7] The gravamen of this count is that the defendants, in July of 1981 and July of 1982, distributed proxy solicitations to Hi-G shareholders which did not reveal the extensive mismanagement alleged by the plaintiff in Count I of his complaint or alleged self-dealing on the part of Alvin and Seth Lukash. According to the plaintiff, the distribution of these false and misleading proxy solicitations led to the election of a Board of Directors which tolerated the self-dealing of Alvin and Seth Lukash and permitted a continuation of the mismanagement complained of by the plaintiff. Plaintiff further alleges that these proxy materials led to the approval of Laventhol & Horwath as Hi-G's independent accountant, a position which, the plaintiff asserts, it has abused.

---

**7.** Defendants Laventhol & Horwath and Drexel Burnham Lambert are not defendants to Count

The plaintiff seeks to recover damages for injuries that he allegedly suffered as a result of the election of the various defendants to the Board of Directors. He also seeks equitable relief in the form of the removal of the present Board of Directors, the election of a new Board, the interim appointment of a Receiver to manage the corporation, an accounting, a declaration that all business voted upon in connection with the challenged proxy statements be declared a nullity, and punitive damages.

The defendants move to dismiss this count on the ground that plaintiff does not have standing to bring the claim, and that Count III does not state a claim upon which relief can be granted. I agree that the plaintiff does not have standing to bring this action, and therefore, I will dismiss Count III of his complaint.

The plaintiff does not aver that he granted a proxy in reliance on the allegedly false and misleading proxy material. He does not, therefore, have standing to assert a direct action for violation of § 14(a) and Rule 14a–9. *See Gaines v. Haughton,* 645 F.2d 761 (9th Cir.1981). Count III, therefore, must be dismissed.