**Thomas M. OLKOWSKI**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA.**

**Civ. A. No. 83–6172.**

United States District Court,
E.D. Pennsylvania.

April 6, 1984.

Marcel L. Groen, Robert H. Finkel, Bensalem, Pa., for plaintiff.

Peter C. Paul, James Kilcoyne, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

This is a diversity action in which plaintiff, Thomas M. Olkowski, alleges that defendant, The Prudential Insurance Company of America, has wrongfully refused to pay medical expenses incurred by plaintiff's wife, Mary Ann Olkowski. Presently before the court is defendant's motion to dismiss count III of the complaint in which plaintiff sets forth a claim of fraudulent misrepresentation.

## I. FACTS

In February, 1981, plaintiff's employer, M & S Foreign Car Service Company ("M & S Company"), contracted with defendant for the purpose of having defendant provide group health insurance coverage for the employees of M & S Company. The policy, in addition to protecting plaintiff, extended coverage to plaintiff's spouse. Plaintiff paid the required premiums through February, 1982, and also received a card which plaintiff alleges guaranteed that defendant would pay any medical expenses incurred by plaintiff or his spouse.

In December, 1981, plaintiff's wife became ill and required medical treatment until her death in February, 1982. During his wife's illness plaintiff presented his card to each physician and health care institution which rendered services to his wife. Defendant subsequently refused to pay the fees for the services rendered. On December 12, 1983, plaintiff filed a complaint in this court alleging breach of contract (counts I and II) and fraud (count III).

Defendant now seeks to have count III dismissed.

## II. DISCUSSION

For purposes of the present motion, the court is required to accept as true all facts alleged in the complaint as well as all reasonable inferences which can be drawn therefrom. *Mortensen v. First Federal Savings and Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir.1977).[1] With this in mind, the court turns to defendant's arguments.

██ Defendant initially argues that count III should be dismissed since the count does not set forth a claim for fraud. The court disagrees. The elements of a claim for fraud under Pennsylvania law are a misrepresentation, an intent by the maker that the recipient be induced to act, justifiable reliance by the recipient upon the misrepresentation, and damage to the recipient as the proximate result. *Marian Bank v. International Harvester Credit Corp.*, 550 F.Supp. 456 (E.D.Pa.1982); *Girard Bank v. John Hancock Mutual Life Ins. Co.*, 524 F.Supp. 884 (E.D.Pa.1981), *aff'd*, 688 F.2d 820 (3d Cir.1982); *Savitz v. Weinstein*, 395 Pa. 173, 149 A.2d 110 (1959). With regard to the misrepresentation element, it need not be in the form of a positive assertion but rather, is any artifice by which a person is deceived to his disadvantage. *Delahanty v. First Pennsylvania Bank, N.A.*, — Pa.Super. —, 464 A.2d 1243 (1983).

██ In count III plaintiff asserts that defendant, knowing that it had no intention of honoring its guarantee, issued to plaintiff an unconditional guarantee to pay any medical expenses incurred by plaintiff or his wife. Plaintiff also alleges that because of his reliance on this fraudulent representation he has suffered economic losses, mental anguish, harassment from physicians and health care institutions and damage to his credit rating and standing in the community. Accepting these facts as

---

1. Additionally, since this court is sitting in diversity, it is required to apply the substantive laws of Pennsylvania to the issues. *Bruffett v.* *Warner Communications, Inc.*, 692 F.2d 910, 918 (3d Cir.1982); *National Surety Corp. v. Midland Bank*, 551 F.2d 21 (3d Cir.1977).

true, plaintiff has stated a claim for fraud under Pennsylvania law.

■ Defendant next argues that count III should be dismissed because it does not satisfy the requirement of Rule 9(b) of the Federal Rules of Civil Procedure. Rule 9(b) requires. that, "In all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." This rule requires that a plaintiff plead sufficient facts so as to advise defendant of the claim, *see Cottman Transmission Systems, Inc. v. Dubinsky*, 95 F.R.D. 351 (E.D.Pa.1982), and to give the defendant a fair opportunity to frame an answer and prepare a defense. *See Summers v. Lukash*, 562 F.Supp. 737 (E.D.Pa. 1983). In this case, plaintiff has alleged sufficient facts to meet the requirement of Rule 9(b).

Defendant's final argument does not specifically request a dismissal of count III but rather, addresses the damages plaintiff seeks to recover under count III. In count III, plaintiff requests the court to award both compensatory and punitive damages.[2] Defendant now seeks to prevent recovery of punitive damages.

■ The basis for defendant's argument that plaintiff is not entitled to punitive damages is the Pennsylvania Supreme Court decision in *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co.*, 494 Pa. 501, 431 A.2d 966 (1981). However, that decision cannot be read as precluding recovery of punitive damages in cases where, as here, fraud is a separate cause of action. In *D'Ambrosio*, the court refused to imply a cause of action seeking punitive damages and damages for emotional distress based on the alleged "bad faith" conduct of an insurer in denying a claim. *Id.* at 509, 431 A.2d at 970. *See Smith v. Harleysville Insurance Co.*, 494 Pa. 515, 431 A.2d 974 (1981). The court reasoned that since Pennsylvania's Unfair Insurance Practices Act, Act of July 22, 1974, P.L. 589, § 1 *et seq.*, 40 P.S. § 1171.1 *et seq.* (Supp.1982), provided sufficient means by which unfair insurance practices and "bad faith" conduct could be deterred, there was no need to supplement the Act with a new judicially created cause of action arising out of those same practices and which would allow punitive damages and damages for emotional distress.[3] *D'Ambrosio* 494 Pa. at 508, 509, 431 A.2d at 970. This court determines that neither the Pennsylvania legislature nor the court in *D'Ambrosio* meant to preclude a common law fraud action, such as this one, and the possible punitive damages associated with such an action,[4] merely because an insurance policy is involved in the case.[5] Accordingly, plaintiff will not be barred from

2. Under count III, plaintiff seeks two hundred fifty thousand dollars ($250,000.00) as compensatory damages and seven hundred and fifty thousand dollars ($750,000.00) as punitive damages. The compensatory damages are sought for payment of medical expenses, mental anxiety, harassment from physicians and health care institutions, and damage to plaintiff's credit rating and reputation in the community.

3. The *D'Ambrosio* court categorized both punitive damages and damages for emotional distress as awards used as deterrent devices. *D'Ambrosio* at 508, 431 A.2d at 970.

4. Under Pennsylvania law, punitive damages can be recovered in a trespass action for fraud on sufficient proof of outrageous conduct. *Shulman v. Continental Bank*, 513 F.Supp. 979 (E.D.Pa.1981); *see Casper v. Cunard Line Ltd.*, 560 F.Supp. 240 (E.D.Pa.1983); *Rainbow Truck-*

*ing, Inc. v. Ennia Ins. Co.*, 500 F.Supp. 96 (E.D. Pa.1980); *Long v. McAllister*, 275 Pa. 34, 118 A. 506 (1922).

5. This court determines that preclusion of common law fraud actions, and all damages normally associated with such actions, was not intended by the legislature or the *D'Ambrosio* court while at the same time recognizing that the Pennsylvania Unfair Insurance Practices Act prohibits misrepresentations as to benefits, conditions or terms of any insurance policy. *See* 40 P.S. §§ 1171.4 and 1171.5 (Supp.1982); *see also Bronner v. Metropolitan Life Ins. Co.*, 20 D. & C.3rd 509 (1981) (referring to concurring opinion in *D'Ambrosio*, 494 Pa. 501, 515, 431 A.2d 973, 974, which suggested that plaintiffs had common law tort of deceit available to them).

seeking punitive damages on his fraud claim.[6]

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss will be denied.

An appropriate Order will be entered.

---

**6.** Defendant's additional argument that the Pennsylvania common law does not contemplate an award of punitive damages in actions based on assumpsit is inapposite since the fraud claim, count III, is a count in trespass and not assumpsit.