# McLaughlin v. Nationwide Mutual Insurance Company

*Alexander J. Jamiolkowski,* for plaintiffs.
*James M. Horne,* for defendant.

TAYLOR, *P.J.,* December 10,1984—

## I. PROCEDURAL HISTORY

On February 2, 1983, plaintiffs, Edward F. McLaughlin and Mary Grace McLaughlin, father and daughter, filed a writ of summons in assumpsit and trespass against defendant, Nationwide Mutual Insurance Company in the Court of Common Pleas of Allegheny County, Pa. An appearance was entered on behalf of defendant and through a complaint filed on May 16, 1983, plaintiffs alleged that defendant had failed to fully compensate plaintiffs under a no-fault insurance contract issued by defendant for the injuries sustained by Mary Grace McLaughlin on February 13, 1981.

On June 6, 1983, plaintiffs filed a request for the production of documents. On August 25, 1983, both parties filed a stipulation agreeing to transfer the entire matter to Huntingdon County, Pa. On September 3, 1983, plaintiffs filed a first supplemental request for production of documents. On November 10, 1983, defendant filed an answer to plaintiffs' complaint and new matter. On November 19, 1983, defendant filed their answer to plaintiffs' first supplemental request for production of documents and answered plaintiffs' first set of interrogatories.

On November 17, 1983, plaintiffs filed a reply to defendant's new matter. As most of defendant's answers to plaintiffs' first set of interrogatories were objections, plaintiffs filed a motion to compel answers to interrogatories on December 3, 1983, along with a motion to compel production of documents. Defendant filed a response to these motions on December 10, 1983 and on December 30, 1983 requested the matter to be placed on the argument list. Defendant filed a brief in opposition to plaintiffs' discovery motions on January 24, 1984 and plaintiffs filed a brief in support of said motions on February 1, 1984. After argument on February 2, 1984, the court entered an order on February 9, 1984 partially granting plaintiffs' requests for discovery.

Plaintiffs filed a second supplemental request for the production of documents on May 19, 1984. Defendant responded on May 26, 1984 stating that the documents sought were not in defendant's possession or had already been produced.

On July 30, 1984, the deposition of Douglas E. Arthur was taken at the Huntingdon County Court House. Counsel for both parties were present.

On August 22, 1984, defendant filed a motion for summary judgment, a brief in support thereof, and

a praecipe to list the case for argument. Plaintiffs filed a brief in opposition to the motion for summary judgment. The case was argued on October 2, 1984. This opinion disposes of defendant's motion for summary judgment.

## II. FACTUAL HISTORY

Sometime prior to 1975, plaintiff Edward F. McLaughlin purchased a policy of automobile insurance from defendant. At least on one occasion prior to June of 1975 plaintiff Edward F. McLaughlin's policy had been cancelled due to nonpayment of premiums. (See defendant's exhibit "C" attached to brief in support of motion for summary judgment). Plaintiff 's policy had subsequently been reinstated.

In 1975, as required by the newly enacted Pennsylvania No-fault Motor Vehicle Insurance Act, 40 Pa.C.S. §1009.101 et seq., and regulations promulgated pursuant thereto, Nationwide had sent to all its policyholders, including plaintiff Edward F. McLaughlin, informational packets describing and explaining changes in required insurance coverages and other matters. (See deposition of Douglas Arthur at pages 7-8, 10, 18; Arthur deposition exhibits 2 and 4). The packets included an explanation letter and application form (Douglas Arthur deposition exhibits 2 and 4) for a state-mandated, premium reducing policy option that would, if selected, substitute the policyholder's qualified health insurance plan as primary insurer for no-fault benefits, with Nationwide being liable, up to its policy limits, only for excess no-fault benefits not covered by the policyholder's other insurance plan ("excess coverage only" provision).

On June 18, 1975, the father-plaintiff detached the application for the "excess coverage only" provi-

sion from the explanatory brochure, indicated thereon that he desired his policy of insurance be changed so as to make Nationwide liable only for medical expenses and other no-fault benefits not covered by father plaintiff's qualified health insurance plan (see exhibit A attached to defendant's brief in support of motion for summary judgment). Plaintiff Edward F. McLaughlin submitted the application to Nationwide, who in due course changed plaintiff Edward McLaughlin's policy to reflect the option selected, and issued clear and unambiguous conforming policy endorsements. (See Deposition of Douglas Arthur, exhibits 10 and 11; deposition of Arthur at pp. 18-19).

In the nearly eight years subsequent to the aforementioned policy changes, plaintiff Edward McLaughlin never requested that the "excess coverage only" endorsement be changed, nor notified Nationwide of any dissatisfaction with the policy. Plaintiff Edward McLaughlin did eliminate a premium increasing "Additional Personal Injury Protection with Option I Limits" provision which was applied for concurrently with the June 18, 1975 application for the "excess coverage only" policy option. (See exhibits A and B attached to defendant's brief in support of motion for summary judgment). Additionally, at all times since said policy was constituted, plaintiff Edward McLaughlin has paid to Nationwide premiums calculated at the reduced rate applicable to policies containing the "excess coverage only" provision.

In 1977, Douglas E. Arthur, then vice president with Nationwide Insurance Company, established a new policy on the part of the company to inform potential customers of the dangers associated with a customer's election of the "excess coverage only" provision. (See exhibits A and B attached to plain-

tiff's brief in opposition to defendant's motion for summary judgment) However, the company never communicated this warning to its long-time policy holders, including Edward McLaughlin.

On February 13, 1981, Mary Grace McLaughlin, who was covered by the insurance contract in question, was seriously injured when she was struck by an automobile on Shirley Street in the Borough of Mount Union, Huntingdon County, She sustained substantial and permanent injuries, including brain damage, which resulted in long-term hospitalizations and medical treatment.

Since the February 13, 1981 accident in which plaintiff-daughter was injured and suffered no-fault losses, Nationwide has paid benefits to plaintiff Edward McLaughlin in accordance with the policy issued to him, including the "excess coverage only" provision, with father-plaintiff's other health insurance plan being primary, up to its policy limits.

## III. DISCUSSION

Defendant, in its motion for summary judgment, avers that the undisputed facts, as outlined in the factual history of this opinion, entitles defendant to have summary judgment granted in their favor. Defendant bases its motion on one substantive ground and two procedural grounds.

On the substantive ground, defendant claims that the facts pleaded show that plaintiff Edward McLaughlin voluntarily chose to make the "excess coverage only" endorsement a part of plaintiff Edward McLaughlin's insurance policy and that defendant has fulfilled its obligations under the insurance contract, including that endorsement. This court agrees.

It is undisputed that plaintiff Edward McLaughlin, in June of 1975, received information explaining the premium-reducing "excess coverage only" option. Exhibit A, which had been part of the explanatory letter, attached to defendant's brief clearly illustrates that father-plaintiff chose to make this option a part of his insurance policy. The explanation letter (Exhibit 2 attached to Arthur deposition) which was sent to all of defendant's automobile insurance customers explaining the "excess coverage only" option, was clear and easy to understand. Also, the endorsement sheet (Exhibit 11 attached to Arthur deposition) that was later sent to plaintiff Edward McLaughlin was also unambiguous in describing the effect of father-plaintiff's election to make the endorsement part of his insurance policy. It is clear that the "excess coverage only" clause was meant to provide insurance only for those no-fault expenses not covered by father-plaintiff's qualified Health Plan. As plaintiff Edward McLaughlin had had difficulty meeting the premium payments previously, it seems logical that father-plaintiff would choose an option that would lower his premium.

Defendant, in its brief, has cited the case of Standard Venetian Blind Company v. American Empire Insurance Co., 503 Pa. 300, 469 A.2d 563 (1983), which clearly states that if the language of the contract is clear and unambiguous, then the court must give effect to that language. There is no need, or burden on the insurer, to show that the insured was aware of the exclusion or limitation and that the effect thereof was explained to him. Id.

There has been a welcome trend in the law and the insurance industry to couch contracts in easily understandable terms and to do away with confusing "legalese" or "insurancese". Accompanying that

trend has been a change in Pennsylvania law, as illustrated by the Standard Venetian Blind case. If the contract is written in understandable terms, the courts will assume that the parties to the contract read and understood those terms.

The "excess coverage only" endorsement was a part of plaintiff Edward McLaughlin's insurance contract, its terms were unambiguous, and its effect was to make defendant liable only for no-fault expenses that were not covered by father-plaintiff's primary insurance. These excess expenses have been paid by defendant and, therefore, defendant has fulfilled its contractual obligation to plaintiffs and summary judgment is granted in defendant's favor.

In an attempt to show defendant's bad faith and unfair business practices, plaintiffs claim that in 1977 defendant began a policy of discouraging the election by policyholders of "excess coverage only" options. Defendant felt, for whatever reasons, that auto insurance should be the primary insurance and not secondary to an insured's qualified health plan. Plaintiffs claim that defendant breached its duty of good faith and fair dealing by not informing plaintiff Edward McLaughlin, who was a long-time automobile insurance customer, that there were dangers associated with the election he had made a few years earlier and that defendant would recommend that father-plaintiff reconsider his election.

Plaintiffs based this action for breach of duty on the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 75 Pa.C.S. §201-1 et seq. In response, defendant accurately states that an action based on allegations of bad faith may not be brought against an insurance company under that act. The Unfair Insurance Practices Act, 40 Pa.C.S. §1171.1 et seq., is the sole remedy for the alleged bad faith

actions of an insurance company. Layon v. Liberty Mutual Fire Ins. Co., 577 F.Supp. 1 (E.D., Pa. 1982); D'Ambrosia v. Pa. Nat. Mut. Cas. Co., 494 Pa. 501, 431 A.2d 966 (1981). Rules of statutory construction require that a more detailed statute take precedence over a general statute. 1 Pa.C.S. §1933. The Unfair Insurance Practices Act was designed to deal specifically with the unfair trade practices in the insurance industry.

Plaintiffs may also not proceed under common law to seek a judicial cause of action for defendant's alleged bad faith. D'Ambrosia, Id. Once again, in light of the Unfair Insurance Practices Act's extremely broad definition of unfair methods of competition and unfair or deceptive acts or practices, a judicially-created cause of action for an alleged breach of the duty to deal fairly and in good faith with an insured is not needed in Pennsylvania. While it has been ruled that neither the Unfair Insurance Practices Act nor D'Ambrosia preclude a common law "fraud" action, Olkowski v. Prudential Insurance Co. of America, 584 F.Supp. 1140 (E.D., Pa. 1984), plaintiffs' cause of action is based on a breach of the duty of "good faith and fair dealing" not "fraud". If plaintiffs have a remedy for defendant's alleged bad faith, it is under Pennsylvania's Unfair Insurance Practices Act, not under the state tort law.

Lastly, plaintiffs argue that the court may not consider the application filled out by plaintiff Edward McLaughlin electing the "excess coverage only" option as part of father-plaintiff's insurance contract because the application or a copy thereof is not attached to the contract. 40 Pa.C.S. §441. This statute reads as follows:

"All insurance policies, issued by stock or mutual insurance companies or associations doing business

in this State, in which the application of the insured, the constitution, by-laws, or other rules of the company form part of the policy or contract between the parties thereto, or have any bearing on said contract, shall contain, or have attached to said policies, correct copies of the application as signed by the applicant, or the constitution, by-laws, or other rules referred to; and, unless so attached and accompanying the policy, no such application, constitution, or by-laws, or other rules shall be received in evidence in any controversy between the parties to, or interested in, the policy, nor shall such application, constitution, by-laws, or other rules be considered a part of the policy or contract between such parties."

The purpose of the statutory provision requiring the application to be attached to the insurance policy is to make sure that the insured has in its possession all the terms of its contract so the insured will have notice of everything on which the insurer might later rely in resisting payment of the insured's claim. Good v. Metropolitan Life Ins. Co., 166 Pa. Super. 334, 71 A.2d 805 (1950); Nacchio v. New York Life Ins. Co., 200 F.2d 770 (C.A., Pa. 1953). This purpose was easily fulfilled by the endorsement containing the "excess coverage only" clause which was sent to plaintiff Edward McLaughlin. The wording of the endorsement was clear and unambiguous and, along with the earlier explanation letter sent to father-plaintiff, described in simple terms the effect of father-plaintiff's election.

The application in question was sent to plaintiff Edward McLaughlin in 1975 as required by the at-that-time newly enacted Pennsylvania. No-fault Motor Vehicle Insurance Act. 40 Pa.C.S. § 1009.203. The statutory provision relied upon by plaintiffs requiring the application to be attached to

the policy is a general provision that was adopted in 1921. The statutory provision requiring Nationwide to send its current automobile insurance customers an application for the excess medical coverage only election was adopted in 1974 and became effective in 1975.

The rules of statutory construction require that an earlier provision give way to a provision enacted at a later date if those provisions are in conflict. 1 Pa.C.S. §1936. Also, a general provision must be controlled by a more particular provision. 1 Pa.C.S. §1933. Guided by these rules the court concludes that the application for excess coverage only is admissible as evidence to show that plaintiff Edward McLaughlin elected the coverage and that the endorsement is part of the father-plaintiff's insurance policy.

Also, the practicalities of the situation are in favor of this conclusion. The insurance policy to which plaintiffs argue the application must be attached was in the hands of plaintiff Edward McLaughlin. It had been given to him at the time the policy was originally written. Nationwide sent endorsements to plaintiff Edward McLaughlin at a later date and instructed plaintiff Edward McLaughlin to attach the excess coverage only endorsement to his insurance policy. To require defendant to have attached the application to the policy under these circumstances would be unreasonable. The court must presume that such an unreasonable result was not intended by the legislature when it enacted 40 Pa.C.S. §441. 1 Pa.C.S. §1922(1).

This court also rules that when the General Assembly enacted the no-fault law in 1974 with the above mentioned provision concerning the election on the excess medical coverage that it intended that

provision to be an exception to the statutory provision set forth in 40 P.S. 441, 1 Pa.C.S. §1933.

Plaintiff clearly had notice of the "excess coverage only" endorsement from the explanation letter and the endorsement form 1234. Also, in plaintiffs' complaint, paragraphs 6 and 7, plaintiffs admitted that the "excess coverage only" clause was a part of the policy of insurance. Even if the court does not admit the application form itself, the court may still look at all the other documentation (i.e. the endorsement form 1234, premium due notices, explanation letter) which contain evidence that the "excess coverage only" clause was part of the insurance contract. Lynch v. Metropolitan Life Ins. Co., 427 Pa. 418, 235 A.2d 406 (1967). The rule excluding the application from evidence does not preclude the use of the insurance company's files as business records. Tomalweski v. State Farm Ins. Co., 354 F.Supp. 1359 (W.D., Pa. 1973), citing Davidson v. John Hancock Mutual Life Ins. Co., 152 Pa. Super. 63, 31 A.2d 505 (1943); Guida v. Underwriters at Lloyd's, 563 F.Supp. 1015 (E.D., Pa. 1983). Given all the evidence and the well-pleaded facts, this court concludes that plaintiff Edward McLaughlin made a knowledgeable and informed decision to lower his insurance premiums by choosing to make his qualified health coverage the primary insurer for no-fault benefits and his automobile insurance secondary insurer liable only for no-fault benefits in excess of the limits of his primary insurance.

This court does not consider the merits of plaintiffs' charge that defendant had a duty to inform plaintiff Edward McLaughlin in 1977 of the dangers associated with the "excess coverage only" election or whether defendant breached that duty. Plaintiffs have based this allegation on the Unfair Trade Practices and Consumer Protection Law, 75

Pa.C.S. §201-1 et seq., and such a claim against an insurance company based thereon is not recognized in the Commonwealth of Pennsylvania. D'Ambrosia v. Pa. National Mutual Casualty Co., 494 Pa. 501, 431 A.2d 966 (1981).

Defendant has properly complied with the insurance contract by paying plaintiff Edward McLaughlin for any no-fault expenses not covered by father-plaintiff's primary insurer. Therefore, defendant's motion for summary judgment should be granted.

## ORDER

Now, this December 10, 1984, for the reasons set forth in an opinion filed this date, summary judgment in the within case is granted in favor of defendant, Nationwide Mutual Insurance Company, and against plaintiffs, Edward F. McLaughlin and Mary Grace McLaughlin.

Record costs only are granted unto defendant. Each party will pay the costs of their depositions and any other expenses.